**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TIMOTHY PEOPLES, ELIJAH | ) | |
| REEDY, MICHAEL NICHOLS, | ) | |
| JIMMY WESTBROOK, DEWAYNE | ) | CASE NO. 3:16-cv-00847-SMY |
| RHONE, CHARLES R. GIPSON, | ) | |
| CARTIER JARVEAUX, PERRY | ) | |
| MCDONALD, OLIVER FLORES, | ) | JURY TRIAL DEMANDED |
| SYLVESTER THOMAS, PAUL | ) | |
| TORGERSEN, DONALD HASLAM, | ) | |
| THOMAS REECE, HENRY LAMBRU, | ) | |
| THAVIAN WHITE, EMANUAL | ) | |
| STONE, ARNEL MOORE, KEN | ) | |
| HOLMES, MARVIN GRANT, | ) | |
| ROBERT HAUTALA, HURSHEL | ) | |
| DISMUKE, MUHAMMAD HASSAN, | ) | |
| SAM REYNOLDS, GREGORY | ) | |
| AUGUST, WINFIELD PAIGE, | ) | |
| NORRIS WILLIAMS, THEAUTIS | ) | |
| WALKER, PRESTON DAVIS, KEVIN | ) | |
| JACKSON, JERRY HAIRSTON, | ) | |
| GEORGE HIGHTOWER, TERENCE | ) | |
| HENRY, PERRY WILSON, JEFFREY | ) | |
| JACKSON, DAVIE MOORE, | ) | |
| NATHANIEL MORGAN, ARON | ) | |
| JACKSON, SHAUN SAMAYAH, | ) | |
| LYNN MOTLEY, THOMAS | ) | |
| CRAWFORD, MICHAEL COX, | ) | |
| ANDREW MORAN, RONALD | ) | |
| HOLMES, GERONIMO DE LA | ) | |
| GARZA, MANSFIEL LANGSTON, | ) | |
| ANTONIO ANDERSON, IVEN | ) | |
| MILLER, PAUL CHATMON, PAUL | ) | |
| NARAINE, JAMES EARL BROWN, | ) | |
| KEVIN EABRON, JOHNNIE COREY, | ) | |
| VINCENT GILLIAM, CHARLES | ) | |
| BILLINGS, JERRY RANDLE, | ) | |
| GEORGE MONTERO, MERCHALL | ) | |
| GWINN, ALVIN PAYTON, JEROME | ) | |
| KING, RICHARD CURRIER JR., | ) | |
| GARY WHITE, WILLIAM KINLOCH, | ) | |
| RICHARD ADAMS, ERIC MIMS, | ) | |
| BRADFORD CORRELL, WESLEY | ) | |
| BANKS, ODIES GILLEN, THOMAS | ) | |
| FORD, JAMES BROWN, BILLY | ) | |
| HARRIS, ROBERT HOLLAND, | ) | |

MOHAMMED RASHID, DONALD )
WALLER, PETER MARTINELLO, )
RONNIE BRUNDIDGE, DAVID )
WILLIS, MICHAEL CONNELL, )
TIMOTHY REEVES, KEITH )
ELLIOTT, WILLIAM ROSS, )
HOWARD GORDON, VICTOR )
BRYSON, AL WILSON, GEORGE )
FIELDS, THOMAS BENNETT, )
DANNY GOODROAD, STEVEN )
HOPES, LESTER FREEMAN, )
THOMAS JACKSON, RONALD )
GANT, KEVIN WATKINS, JERRY )
BACON, DEREK BYNUM, LARRY )
GERMANY, ERNEST LAMB, KYLE )
HALL, RONNEY EWELL, LARRY )
EASON, KENNETH LOFTIN, KEITH )
PATTERSON, CHARLES )
WASHINGTON, JAMES TRIMBLE, )
RONALD CARPENTER, JAMES )
BLACK, ANTHONY CHAMBERS, )
STEVEN CODY, ARTHUR PARKER, )
TYRONE BROGDON, BRIAN )
O'NEIL, MIKE WARNER, ELBERT )
WHITE III, RODERICK BULLOCK, )
ROY PRINCE, GEORGE CURRY, )
JOHN WAGNER, COLLINS )
KORTOR, ELVIS MCFARLAND, )
ARTHUR WILLIAM VELLUCCI JR., )
DARIN BURTON, STEVEN HARPER, )
LAMONT PERKINS, HECTOR )
LOPEZ, LUIS SOLIZ, GARY SMITH, )
CARL EDWARDS, LEON HILL, )
STEPHEN BACA, RODNEY )
WELLINGTON, LOUIS DEFAZIO, )
ROBERT MARTIN, DEREK BROWN, )
HUBERT SPIRES, COLIN JONES, )
CHRISTIAN RICHARD, CHRIS )
SHEPHERD, TAYLOR PRICE, )
WILLIAM BOYKIN, STEPHEN )
BOWEN, BERNARD )
MERRIEWETHER, RICHARD )
SAVAGE, SYLVESTER BROWN, )
STEVEN BELLAMY, CRAIG WHITE, )
CLYDE SALLIE, JAIME )
RODRIGUEZ, BRENT WOLFBERG, )
GLENN RAYMUS, TODD ROBUCK, )

ERIC COE, KARLTON LEONARD,                )
RALPH HERNANDEZ, CHARLES                  )
DAVENPORT, SAMUEL FINN,                    )
JOSEPH JORDAN, SAMMY                       )
RICHARDSON, DANNY LAWHORN,                 )
ROGER HARTFIELD, HARRIS,                   )
GEORGE JONES, NOEL                         )
HOLBROOK, SAMUEL DELGADO,                  )
ANDREW SAVOIA, LEE BRISCO,                 )
WILLIAM WHITE, ROGER PENN,                 )
DAVID PALAZZOLO, BRETT ERVIN,              )
JOSEPH SHELLHAMMER,                        )
OSBORNE COOPER, JOEL                       )
MOLSBARGER, RICKY RODGERS,                 )
LENWORTH ROBINSON, HANS                    )
WASHINGTON, DARREN BAKER,                  )
CHARLES MURRAY, RUDOLPH                    )
GLOVER, ZACHAREY HEMINGWAY,                )
JASON POIRIER, CURTIS STARKS,              )
WILLIAM E. JOHNSON JR.,                     )
CHARLES KIRBY, ROGER CASTO,                )
ALFRED CLARK, SHERWOOD                     )
SOLOMON, JAMES FULLARD,                    )
NATHANIEL LOWE, LEON TAYLOR,               )
JAMES PARKER, JOHNNIE GREEN,               )
KEITH KELLUM, JOHN MULLER,                 )
ANTHONY DAVY, BUDDY                        )
EDWARDS, WILLIE DURHAM,                    )
DAVID CORTES, ANTHONY                      )
BATTLE, TIMOTHY OWENS,                     )
JULIAN LEWIS, RICHARD KRISEL,              )
ANTHONY LLOYD, SAM E.                      )
FLOWERS, RANDY DEAL, EUGENE                )
BANKS, JOSEPH DECARO, LEROY                )
BROUGHTON, JAMES CANNON-                   )
BEY, RONALD W. MILLKIE,                    )
WILFRED MOLINA, ANTHONY                    )
KALLIE, JAVIER RAMOS,                      )
REGINALD HOLTZ, LIONEL BAKER,              )
TYRONE ROSS, GREG SMOAK,                   )
ROBERT HARRIS, DALE COLEMAN,               )
DARNELL THOMPSON, KENNETH                  )
ELLIS, CHRIS HAM, STANLEY                  )
JONES, MICHAEL KING, DELBERT               )
KISSINGER, BRUCE BOROWSKI,                 )
BRENT WILLIAMS,                           )
LARRY DOTSON,                             )

3

|                                          |     |
| ---------------------------------------- | --- |
| Plaintiffs,                              | )   |
|                                          | )   |
|                                          | )   |
| v.                                       | )   |
|                                          | )   |
| COMBE INCORPORATED; COMBE                | )   |
| PRODUCTS, INC.; COMBE                    | )   |
| LABORATORIES, INC.; and                  | )   |
| COMBE INTERNATIONAL LTD                  | )   |
|                                          | )   |
|                                          | )   |
| Defendants.                              | )   |
|                                          | )   |
|                                          | )   |
|                                          | )   |
|                                          | )   |
|                                          | )   |
|                                          | )   |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, by and through their undersigned counsel, bring this action against Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International, LTD (collectively referred to as "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for damages suffered by each individual Plaintiff as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2. Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories,

4

Inc., and/or Combe International LTD.

3.     At all times relevant hereto, Just For Men® was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

## PARTIES, JURISDICTION, AND VENUE

4.     Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over the defendants because they are present in the State of Illinois such that requiring their appearance does not offend traditional notions of fair play and substantial justice.

5.     This Court has personal jurisdiction over the defendants because they have a principal place of business located in Rantoul, Illinois and Defendant Combe Laboratories, Inc. maintains a registered agent for service of process in the State of Illinois. Further, Defendants engage in a continuous and systematic course of business in this State by designing, manufacturing, testing, labeling, marketing, promoting, advertising, selling and distributing JFM throughout the State of Illinois. On information and belief, Defendants' Just For Men® hair care products and dyes are sold at hundreds of local and national retailers, including, but not limited to Wal-Mart, Target, Walgreens, CVS, Schnuck's and Dierberg's, throughout the State of Illinois. On information and belief, Defendants avail themselves of numerous advertising and promotional materials regarding their defective products specifically intended to reach consumers in Illinois, including but not limited to advertisements on local Illinois television programs,

advertisements on local Illinois radio broadcasts, advertisements on billboards in Illinois, and advertisements in print publications delivered to consumers in the State of Illinois.

6.     Defendant Combe Laboratories Inc., can be served with process by serving their Illinois registered agent, CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, Illinois, 60604.

7.     This Court has personal jurisdiction over the defendants pursuant to Illinois' long-arm statute, 735 ILCS 5/2-209, because, at all relevant times, defendants, acting through their agents or apparent agents:

    a. transacted business within the State of Illinois, 735 ILCS 5/2-209(a)(1);
    b. committed a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2)
    c. owned, used, or possessed real estate situated in the State of Illinois, 735 ILCS 5/2-209(a)(3);
    d. made or performed a contract or promise substantially connected with the State of Illinois, 735 ILCS 5/2-209(a)(7);
    e. did business in and within the State of Illinois, 735 ILCS 5/2-209(b)(4).

8.     This Court's exercise of jurisdiction over Defendants is permitted by the Illinois

Constitution and the Constitution of the United States.

9.     Defendants marketed, promoted, and sold Just For Men® hair care products and dyes throughout the United States and the State of Illinois, including St. Clair County, Illinois.  Accordingly, venue is proper in this Court pursuant to 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

10.    Complete diversity of citizenship does not exist because multiple Plaintiffs are citizens and residents of the same state in which Defendants have

located and maintain their principal place of business

11.     The amount in controversy exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs, the jurisdictional minimum of this Court.

12.     Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

13.     At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

14.     Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of Illinois.

15.     At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the States of State of Illinois and derived substantial revenue from such business.

16.     At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

17.     Defendant Combe International LTD is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

18.     At all times relevant hereto Defendant Combe International LTD was engaged in the business of designing, developing, manufacturing, testing,

packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

19. Upon information and belief, at all relevant times, Defendant Combe International LTD was present and doing business in the State of Illinois.

20. At all relevant times, Defendant Combe International LTD, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

21. At all times relevant hereto, Defendant Combe International LTD expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

22. Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr, 971 Calle A, Naguabo, Puerto Rico 00718.

23. At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

24. Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Illinois.

25. At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

26. At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within

the United States of America, and the State of Illinois in particular.

27. Defendant Combe Laboratories, Inc. is an Illinois corporation which has its principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

28. At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

29. Upon information and belief, Defendant Combe Laboratories, Inc. was a manufacturing site for Just for Men® products.

30. Upon information and belief, Defendant Combe Laboratories, Inc. was involved in the production of Just for Men® in Illinois through processing shipments of Just for Men® products, receiving returns of Just for Men® hair care and dye products from consumers, receiving surplus and large quantity return shipments of Just for Men® products in Illinois.

31. Upon information and belief, Defendant Combe Laboratories, Inc. was the main center for refurbishing and repackaging Just for Men® products.

32. Upon information and belief, Defendant Combe Laboratories, Inc. was involved in inspections of Just for Men® products.

33. Upon information and belief, Defendant Combe Laboratories, Inc. was a location for Defendants' meetings concerning Just for Men® products.

34. Upon information and belief, Defendant Combe Laboratories, Inc. otherwise was generally engaged in bringing Just For Men to consumers throughout Illinois and the United States.

35. At all times relevant hereto, Defendant Combe Laboratories, Inc.

9

expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

36.     Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LTD shall herein be collectively referred to as "Defendants."

37.     Plaintiffs are further informed, and as more fully set forth below, believes and therefore alleges that the specifically named Defendants, and each of them, were the alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities or other manner of division. Additionally, Plaintiffs allege that to continue maintaining the facade of a separateness and individual existence between the specifically named Defendants, and each of them, does not satisfy justice

38.     At all times relevant hereto, Timothy Peoples, DeWayne Rhone, Perry McDonald, Paul Torgersen, Sam Reynolds, Perry Wilson, George Fields, Jaime Rodriguez, and George Jones were residents of the State of Illinois.

**FACTUAL ALLEGATIONS**

**DEFENDANTS' PRODUCTION AND SALE OF JUST FOR MEN® HAIR CARE AND DYE PRODUCTS**

39.     Defendants worked together for the unified purpose of developing, designing, formulating, manufacturing, packaging, labeling, advertising, marketing, instructing on and warning about, distributing and selling Just For Men® hair care and dye products since at least 1987.

40.     Defendants   developed,   designed,   formulated,   manufactured,

packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Just For Men® hair care and dye products since at least 1987.

41.   Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

42.   Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long term usage, all discussed elsewhere in this Complaint.

43.   Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

44.   In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiffs. This conduct is fraudulent, unfair, and unlawful.

45.   Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Defendants failed to disclose to consumers, including Plaintiffs, the risk of injury, rates of adverse reaction, and other problems known to Defendants.

46.   Defendants boast that Just For Men® products are backed by "three decades of research and have delivered great results over 50 million times"

11

despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

47.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiffs.

48.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

49.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

      a.  Severe dermatitis;

      b.  Renal failure;

      c.  Acute Contact Dermatitis;

      d.  Vitiligo;

      e.  Convulsions and comas; and

      f.  Eczematoid contact dermatitis;

50.     Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

51.     A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood

cancers such as myeloma and leukemia.

52. In 2006, PPD was named allergen of the year by the American Contact Dermatitis Society.

53. PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

54. As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

55. Throughout Europe PPD is widely known as an "extreme sensitizer."

56. Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

57. Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

58. PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

59. Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

60. Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

61. Although, consistent with 21 U.S.C. 361(a), Defendants instruct

users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

62.     Defendants recommend a self-applied "skin patch test" on a consumer's arm prior to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

63.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

64.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

65.     During a patch test, a trained medical professional places small quantities of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape so the patches stay in place undisturbed for 48 hours.

66.     Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

67.     Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even

weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

68.     In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

a. Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic and not at risk of developing an allergic reaction by dyeing their hair;

b. There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

c. The self-test recommendations were not standardized and uncontrolled allowing for large variations in dose, number of applications, and duration of exposure;

d. False negative results from self-testing are considered to be the largest problem;

e. 48 hours known to be too short as patch test reactions may develop up to seven days after application;

f. Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

g. Self-tests are not performed or observed by trained observers.

15

69.     Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

70.     Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

71.     Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

72.     For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

    a.  Not shower;

    b.  Not wear long sleeve shirts;

    c.  Not accidently rub against anything;

    d.  Not sweat; and

    e.  Not close the elbow.

73.     Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

74.     Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

75.     Defendants knew or should have known that their recommended

16

skin patch test is inadequate to accurately identify potential reactions to their products.

76. Defendants, knew or should have known that their test was not adequate because:

a. The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

b. The risk that the test would be performed in the wrong area;

c. The risk that the amount of product used would be wrong;

d. The arm is not the appropriate location for a skin allergy test;

e. The risk of false negatives or false positives is high;

f. The area that is tested is not covered or protected during the test; and

g. The risk that the product would be disturbed by clothing or daily activities is high.

77. Consumers, including Plaintiffs, detrimentally relied on Defendants' instructions and patch test.

78. Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

79. In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain

percentage of the population.

80.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering Defendants testing procedure useless.

81.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

82.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

83.     Defendants' provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

84.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

85.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

86.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

87.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men®.

88.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

89.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding their Just For Men® products.

90.     There are safer and cheaper alternatives to PPD available to Defendants for use in Just For Men® products. However, despite the known risks of PPD, Defendants continue to use PPD in their products.

91.     Safer known alternatives include but are not limited to:

    a.  Henna based hair dyes;

    b.  Para-toluenediamine sulfate hair dyes; and

    c.  Other semi-permanent dyes.

92.     These safer alternatives greatly decrease or even eliminate the risk of adverse reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these alternative formulations also achieve the desired result of dying and/or coloring an individual's hair.

93.     Defendants fail to warn about or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

94.     Defendants also fail to warn or disclose that certain colors of Just For Men® products contain an increased amount of PPD posing a greater risk of an adverse reaction for consumers who use those particular colors.

19

95.   Furthermore, Defendants fail to warn or disclose that African American consumers are at an even higher risk of an acute reaction to PPD than those of Caucasian decent.

96.   Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the sensitization rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

97.   Just For Men® has an unacceptable and unreasonable rate of adverse reaction as to the general population, which unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

98.   Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

99.   In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

100.   In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

101.   Defendants knew or should have known that consumers were at a

20

greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

102.   Despite this knowledge, Defendants failed to warn or disclose to their consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

103.   Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn or disclose this to consumers and the public in general.

104.   Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48 hour allergy test was flawed and ineffective.

105.   Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

106.   Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

107.   Defendants actively marketed Just For Men® to consumers knowing

that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

108.   Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

109.   Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

110.   Plaintiffs are unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

111.   Defendants have a duty to monitor the safety of their products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products; however, they have failed to do so.

112.   Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

**THE RELATIONSHIP OF THE DEFENDANTS**

113.   As discussed above, the Defendants engaged in various parts of the process of manufacturing, distributing, advertising, selling and monitoring Just For Men® at various times, the precise details of which are known to Defendants, but these Defendants in fact worked jointly to bring this product to consumers,

including Plaintiff.

114.   Upon information and belief, for instance, Combe Products, Inc. has long had primary responsibility for manufacturing Just For Men®, though Combe Laboratories, Inc. has also manufactured this product.

115.   Upon information and belief, for instance, Combe, Inc. has long had primary responsibility for overseeing the production and marketing of Just For Men®.

116.   Upon information and belief, as discussed above, Combe Laboratories, Inc. additionally processed Just For Men® product returns, packaged and repackaged Just For Men®, and engaged in research, product testing, and product Shipment for Defendants' Just for Men® hair care and dye products.

117.   In addition to working together to bring Just For Men® to market, the relationship of the parties further supports jurisdiction over each Defendant in this Court as the Defendants are alter egos of each other and the Court may disregard any claimed separate identity of the Defendants.

118.   To wit, Combe, Inc. is the parent corporation of the remaining Defendants, though these three subsidiary entities do not maintain any identities separate and apart from Combe, Inc., or each other.

119.   Plaintiffs assert upon information and belief that Combe, Inc. controls its subsidiary corporations such that they are the alter ego of their New York-based parent company.

120.   As but one example, while Chris Combe is the Chief Executive Officer of Combe, Inc., he is also Chairman of the Board of Combe Laboratories,

Inc., and President and CEO of Combe Products, Inc.

121.   Further, while Douglas McGraime is the titular President of Combe Laboratories, Inc., he is also an executive officer of each of the other Defendant entities.

122.   Plaintiffs further assert upon information and belief that Combe, Inc. controls its subsidiaries day to day management, in addition to ignoring and failing to follow certain corporate and accounting formalities.

123.   Similarly, Combe Laboratories, Inc. exists for no purpose other than conducting the business of its parent, Combe, Inc. to bring personal care products such as Just For Men® to market.

124.   As a result of the foregoing, this Court may attribute jurisdiction to each Defendant, including but not limited to Combe, Inc., as the parent of each remaining Defendant, all consistent with the United States Constitution and Illinois law including but not limited to this State's long arm statute.

**PLAINTIFFS' USE OF JUST FOR MEN**

125.   Plaintiff, Timothy Peoples, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1735 McCasland Avenue, East Saint Louis, Illinois 62207 and brings this action in his individual capacity.

126.   Plaintiff Timothy Peoples purchased Just For Men® in or about March 2016. Plaintiff Timothy Peoples applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Timothy Peoples suffered a severe reaction to Just For Men® including but not limited to swelling, itching, stinging, redness, irritation, burning, and permanent skin discoloration.

127.  Plaintiff, Elijah Reedy, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 3109 Michael Way #D Las Vegas, NV 89108 and brings this action in his individual capacity.

128.  Plaintiff Elijah Reedy purchased Just For Men® in or about June 2014. Plaintiff Elijah Reedy applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Elijah Reedy suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

129.  Plaintiff, Michael Nichols, is and was at all times alleged herein a citizen of the State of California and currently resides at 12801 E. Rosecrans Ave. Apt. 242 Norwalk, CA 90650 and brings this action in his individual capacity.

130.  Plaintiff Michael Nichols purchased Just For Men® in or about Plaintiff Michael Nichols applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Michael Nichols suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

131.  Plaintiff, Jimmy Westbrook, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 4490 Millstream Dr. Apt 2 Memphis, TN 38116 and brings this action in his individual capacity.

132.  Plaintiff Jimmy Westbrook purchased Just For Men® in or about September 2015. Plaintiff Jimmy Westbrook applied Just For Men® as directed

in or about September 2015. In or about September 2015, Plaintiff Jimmy Westbrook suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

133.   Plaintiff, DeWayne Rhone, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 2125 S. 14th Ave. Broadview, IL 60155 and brings this action in his individual capacity.

134.   Plaintiff DeWayne Rhone purchased Just For Men® in or about May 2015. Plaintiff DeWayne Rhone applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff DeWayne Rhone suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, oozing, weeping, sores, blisters, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

135.   Plaintiff, Charles R. Gipson, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 6634 Stearns St. Houston, TX 77021 and brings this action in his individual capacity.

136.   Plaintiff Charles R. Gipson purchased Just For Men® in or about April 2015. Plaintiff Charles R. Gipson applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Charles R. Gipson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning,

infection, contact dermatitis, vitiligo, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

137.   Plaintiff, Cartier Jarveaux, is and was at all times alleged herein a citizen of the State of California and currently resides at 1555 Vine St. #431S Los Angeles, CA 90028 and brings this action in his individual capacity.

138.   Plaintiff Cartier Jarveaux purchased Just For Men® in or about May 2015. Plaintiff Cartier Jarveux applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Cartier Jarveux suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

139.   Plaintiff, Perry McDonald, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 2616 E. 93rd St. Chicago, IL 60617 and brings this action in his individual capacity.

140.   Plaintiff Perry McDonald purchased Just For Men® in or about May 2015. Plaintiff Perry McDonald applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Perry McDonald suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, oozing, weeping, sores, and blisters.

141.   Plaintiff, Oliver Flores, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 2621 San Lago Ct. Las Vegas, NV 89121 and brings this action in his individual capacity.

142.   Plaintiff Oliver Flores purchased Just For Men® in or about May 2015. Plaintiff Oliver Flores applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Oliver Flores suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

143.   Plaintiff, Sylvester Thomas, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 2813 Griffin Ave. Richmond, VA. 23222 and brings this action in his individual capacity.

144.   Plaintiff Sylvester Thomas purchased Just For Men® in or about May 2015. Plaintiff Sylvester Thomas applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Sylvester Thomas suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

145.   Plaintiff, Paul Torgersen, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 36145 North Helendale Rd. Ingleside, IL 60041 and brings this action in his individual capacity.

146.   Plaintiff Paul Torgersen purchased Just For Men® in or about May 2015. Plaintiff Paul Torgersen applied Just For Men® as directed in or about May 2015. In or about June 2015, Plaintiff Paul Torgersen suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection,

permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

147.  Plaintiff, Donald Haslam, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 5201 Big River Ave. Las Vegas, NV 89130 and brings this action in his individual capacity.

148.  Plaintiff Donald Haslam purchased Just For Men® in or about April 2015. Plaintiff Donald Haslam applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Donald Haslam suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration.

149.  Plaintiff, Thomas Reece, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 9913 North 114 East Ave. Owasso, OK 74055 and brings this action in his individual capacity.

150.  Plaintiff Thomas Reece purchased Just For Men® in or about May 2015. Plaintiff Thomas Reece applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Thomas Reece suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

151.   Plaintiff, Henry Lambru, is and was at all times alleged herein a citizen of the State of New York and currently resides at 2015 Shorepark Way 3 J Brooklyn, NY 11214 and brings this action in his individual capacity.

152.   Plaintiff Henry Lambru purchased Just For Men® in or about May 2014. Plaintiff Henry Lambru applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Henry Lambru suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning.

153.   Plaintiff, Thavian White, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 2938 Holly Hall St. Houston, TX 77054 and brings this action in his individual capacity.

154.   Plaintiff Thavian White purchased Just For Men® in or about May 2015. Plaintiff Thavian White applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Thavian White suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

155.   Plaintiff, Emanual Stone, is and was at all times alleged herein a citizen of the State of California and currently resides at 4131 Palm Wood Dr. Apt. 5 Los Angeles, CA 90008 and brings this action in his individual capacity.

156.   Plaintiff Emanual Stone purchased Just For Men® in or about December 2015. Plaintiff Emanual Stone applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Emanual Stone

suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

157.   Plaintiff, Arnel Moore, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 15255 Sunwood Blvd. A-26 Seattle, WA 98188 and brings this action in his individual capacity.

158.   Plaintiff Arnel Moore purchased Just For Men® in or about May 2014. Plaintiff Arnel Moore applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Arnel Moore suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, oozing, weeping, sores, blisters, and burning.

159.   Plaintiff, Ken Holmes, is and was at all times alleged herein a citizen of the State of California and currently resides at 14361 Morango Trail Cabazon, CA 92230 and brings this action in his individual capacity.

160.   Plaintiff Ken Holmes purchased Just For Men® in or about April 2015. Plaintiff Ken Holmes applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Ken Holmes suffered a severe reaction to Just For Men® including but not limited to blisters, peeling skin, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

161.   Plaintiff, Marvin Grant, is and was at all times alleged herein a citizen of the State of Kansas and currently resides at 5517 Polo Dr. Wichita, KS 67208 and brings this action in his individual capacity.

162.   Plaintiff Marvin Grant purchased Just For Men® in or about May 2015. Plaintiff Marvin Grant applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Marvin Grant suffered a severe reaction to Just For Men® including but not limited to swelling, rash, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

163.   Plaintiff, Robert Hautala, is and was at all times alleged herein a citizen of the State of California and currently resides at 659 North Towne Ave. Pomona, CA 91767 and brings this action in his individual capacity.

164.   Plaintiff Robert Hautala purchased Just For Men® in or about December 2015. Plaintiff Robert Hautala applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Robert Hautala suffered a severe reaction to Just For Men® including but not limited to redness, itching, weeping, burning, and permanent scarring.

165.   Plaintiff, Hurshel Dismuke, is and was at all times alleged herein a citizen of the State of Colorado and currently resides at PO Box 18542 Denver, CO 80218 and brings this action in his individual capacity.

166.   Plaintiff Hurshel Dismuke purchased Just For Men® in or about April 2015. Plaintiff Hurshel Dismuke applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Hurshel Dismuke suffered a severe reaction to Just For Men® including but not limited to redness, rash, burning, and skin discoloration.

167.   Plaintiff, Muhammad Hassan, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1138 Lakeshore Blvd. Akron, Ohio 44301 and brings this action in his individual capacity.

168.   Plaintiff Muhammad Hassan purchased Just For Men® in or about May 2015. Plaintiff Muhammad Hassan applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Muhammad Hassan suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, blisters, and burning.

169.   Plaintiff, Sam Reynolds, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1451 Memorial Dr. Calumet City, IL 60409 and brings this action in his individual capacity.

170.   Plaintiff Sam Reynolds purchased Just For Men® in or about April 2015. Plaintiff Sam Reynolds applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Sam Reynolds suffered a severe reaction to Just For Men® including but not limited to redness, itching, blisters, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

171.   Plaintiff, Gregory August, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 86202 Rain Valley Ct. Houston, TX 77044 and brings this action in his individual capacity.

172.   Plaintiff Gregory August purchased Just For Men® in or about December 2015. Plaintiff Gregory August applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Gregory August suffered a severe reaction to Just For Men® including but not limited to blisters

and skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

173. Plaintiff, Winfield Paige, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 13100 Broxton Bay Dr. Apt.616 Jacksonville, FL 32218 and brings this action in his individual capacity.

174. Plaintiff Winfield Paige purchased Just For Men® in or about May 2013. Plaintiff Winfield Paige applied Just For Men® as directed in or about May 2013. In or about May 2013, Plaintiff Winfield Paige suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

175. Plaintiff, Norris Williams, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 444 Centennial Olympic Arc NW Atlanta, GA 30313 and brings this action in his individual capacity.

176. Plaintiff Norris Williams purchased Just For Men® in or about May 2015. Plaintiff Norris Williams applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Norris Williams suffered a severe reaction to Just For Men® including but not limited to swelling. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

177. Plaintiff, Theautis Walker, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 2514 Clearwood Dr. Arlington, TX 76014 and brings this action in his individual capacity.

178.   Plaintiff Theautis Walker purchased Just For Men® in or about May 2015. Plaintiff Theautis Walker applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Theautis Walker suffered a severe reaction to Just For Men® including but not limited to redness, dry skin, burning, and skin discoloration.

179.   Plaintiff, Preston Davis, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 16214 North Shady Acres Meadville, PA 16335 and brings this action in his individual capacity.

180.   Plaintiff Preston Davis purchased Just For Men® in or about June 2015. Plaintiff Preston Davis applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Preston Davis suffered a severe reaction to Just For Men® including but not limited to swelling, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

181.   Plaintiff, Kevin Jackson, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 3016 Bracey Pl. Raleigh, NC 27610 and brings this action in his individual capacity.

182.   Plaintiff Kevin Jackson purchased Just For Men® in or about May 2014. Plaintiff Kevin Jackson applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Kevin Jackson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical

treatment. Plaintiff Kevin Jackson was injured by Just For Men® in the state of Maryland.

183.   Plaintiff, Jerry Hairston, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1385 E. 20th Ave. Columbus, OH 43211 and brings this action in his individual capacity.

184.   Plaintiff Jerry Hairston purchased Just For Men® in or about May 2015. Plaintiff Jerry Hairston applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Jerry Hairston suffered a severe reaction to Just For Men® including but not limited to redness, contact dermatitis, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

185.   Plaintiff, George Hightower is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 14 4th Ct. N. Birmingham, AL 35204 and brings this action in his individual capacity.

186.   Plaintiff George Hightower purchased Just For Men® in or about October 2015. Plaintiff George Hightower applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff George Hightower suffered a severe reaction to Just For Men® including but not limited to hair falling out and rash. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

187.   Plaintiff, Terence Henry, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 6767 Lone Dr. Apt. 101 Houston, TX 77087 and brings this action in his individual capacity.

188.   Plaintiff Terence Henry purchased Just For Men® in or about May 2015. Plaintiff Terence Henry applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Terence Henry suffered a severe reaction to Just For Men® including but not limited to permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

189.   Plaintiff, Perry Wilson, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 280 Tedmark Ct. Apt. 2 Kankakee, IL 60901 and brings this action in his individual capacity.

190.   Plaintiff Perry Wilson purchased Just For Men® in or about May 2015. Plaintiff Perry Wilson applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Perry Wilson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

191.   Plaintiff, Jeffrey Jackson, is and was at all times alleged herein a citizen of the State of California and currently resides at 930 North Martel Ave. Apt. 107 Los Angeles, CA 90046 and brings this action in his individual capacity.

192.   Plaintiff Jeffrey Jackson purchased Just For Men® in or about September 2015. Plaintiff Jeffrey Jackson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Jeffrey Jackson suffered a severe reaction to Just For Men® including but not limited to blisters

and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

193.   Plaintiff, Davie Moore, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at PO Box 306 Rosedale, MS 38769 and brings this action in his individual capacity.

194.   Plaintiff Davie Moore purchased Just For Men® in or about May 2014. Plaintiff Davie Moore applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Davie Moore suffered a severe reaction to Just For Men® including but not limited to dry skin, oozing, weeping, blisters, burning, infection, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

195.   Plaintiff, Nathaniel Morgan, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3637 Burton Ave. Toledo, OH 43612 and brings this action in his individual capacity.

196.   Plaintiff Nathaniel Morgan purchased Just For Men® in or about July 2015. Plaintiff Nathaniel Morgan applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Nathaniel Morgan suffered a severe reaction to Just For Men® including but not limited to rash and scabbing. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

197.   Plaintiff, Aron Jackson, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 303 Pearl St. Lancaster, PA 17603 and brings this action in his individual capacity.

198.   Plaintiff Aron Jackson purchased Just For Men® in or about May 2015. Plaintiff Aron Jackson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Aron Jackson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

199.   Plaintiff, Shaun Samayah, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 2770 Haverford Loop Aot. 203 Woodbridge, VA 22191 and brings this action in his individual capacity.

200.   Plaintiff Shaun Samayah purchased Just For Men® in or about May 2015. Plaintiff Shaun Samayah applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Shaun Samayah suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

201.   Plaintiff, Lynn Motley, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 4847 Miller Rd. Atlanta, GA 30349 and brings this action in his individual capacity.

202.   Plaintiff Lynn Motley purchased Just For Men® in or about July 2015. Plaintiff Lynn Motley applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Lynn Motley suffered a severe reaction to

Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

203.   Plaintiff, Thomas Crawford, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 4289 Magnolia Path 30034 and brings this action in his individual capacity.

204.   Plaintiff Thomas Crawford purchased Just For Men® in or about May 2015. Plaintiff Thomas Crawford applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Thomas Crawford suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

205.   Plaintiff, Michael Cox, is and was at all times alleged herein a citizen of the State of California and currently resides at 1836 Shadyside Ct. Oakdale, CA 95361 and brings this action in his individual capacity.

206.   Plaintiff Michael Cox purchased Just For Men® in or about May 2015. Plaintiff Michael Cox applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Michael Cox suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, and permanent skin discoloration.

207.   Plaintiff, Andrew Moran, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4697 Beechwood Rd. Cincinnati, OH 45244 and brings this action in his individual capacity.

208.   Plaintiff Andrew Moran purchased Just For Men® in or about May 2015. Plaintiff Andrew Moran applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Andrew Moran suffered a severe reaction to Just For Men® including but not limited to redness, swelling, rash, stinging, irritation, sores, blisters, burning, infection, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

209.   Plaintiff, Ronald Holmes, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 25 S. Ladow Ave. Apt. 8E Millville, NJ 08332 and brings this action in his individual capacity.

210.   Plaintiff Ronald Holmes purchased Just For Men® in or about May 2015. Plaintiff Ronald Holmes applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Ronald Holmes suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

211.   Plaintiff, Geronimo De La Garza, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 601 S. Ranger Rd. Apt. 118 Harlingen, TX 78552 and brings this action in his individual capacity.

212.   Plaintiff Geronimo De La Garza purchased Just For Men® in or about May 2015. Plaintiff Geronimo De La Garza applied Just For Men® as directed in

or about May 2015. In or about May 2015, Plaintiff Geronimo De La Garza suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

213.   Plaintiff, Mansfield Langston, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at PO Box 24 Inverness, MS 38753 and brings this action in his individual capacity.

214.   Plaintiff Mansfield Langston purchased Just For Men® in or about April 2014. Plaintiff Mansfield Langston applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Mansfield Langston suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

215.   Plaintiff, Antonio Anderson, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 4755 Harvest Park Dr. Memphis, TN 38125 and brings this action in his individual capacity.

216.   Plaintiff Antonio Anderson purchased Just For Men® in or about May 2016. Plaintiff Antonio Anderson applied Just For Men® as directed in or about May 2016. In or about May 2016, Plaintiff Antonio Anderson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, vitiligo, anaphylactic shoch, permanent scarring

and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

217.   Plaintiff, Iven Miller, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 2153 Fortune Ave. Memphis, TN 38128 and brings this action in his individual capacity.

218.   Plaintiff Iven Miller purchased Just For Men® in or about May 2016. Plaintiff Iven Miller applied Just For Men® as directed in or about May 2016. In or about May 2016, Plaintiff Iven Miller suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection.

219.   Plaintiff, Paul Chatmon, is and was at all times alleged herein a citizen of the State of New York and currently resides at 2419 Weston Ave. Niagara Falls, NY 14305 and brings this action in his individual capacity.

220.   Plaintiff Paul Chatmon purchased Just For Men® in or about April 2014. Plaintiff Paul Chatmon applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Paul Chatmon suffered a severe reaction to Just For Men® including but not limited to redness, irritation, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

221.   Plaintiff, Paul Naraine, is and was at all times alleged herein a citizen of the State of New York and currently resides at 1055 Glenmore Ave. Apt. 2 Brooklyn, NY 11208 and brings this action in his individual capacity.

222.   Plaintiff Paul Naraine purchased Just For Men® in or about March 2014. Plaintiff Paul Naraine applied Just For Men® as directed in or about April

2014. In or about April 201, Plaintiff Paul Naraine suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

223. Plaintiff, James Earl Brown, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 104 Capshaw Dr. Indianola, MS 38751 and brings this action in his individual capacity.

224. Plaintiff James Earl Brown purchased Just For Men® in or about May 2014. Plaintiff James Earl Brown applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff James Earl Brown suffered a severe reaction to Just For Men® including but not limited to swelling, rash, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

225. Plaintiff, Kevin Eabron, is and was at all times alleged herein a citizen of the State of Arkansas and currently resides at PO Box 2807 Forrest City, AR 72336 and brings this action in his individual capacity.

226. Plaintiff Kevin Eabron purchased Just For Men® in or about May 2014. Plaintiff Kevin Eabron applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Kevin Eabron suffered a severe reaction to Just For Men® including but not limited to itching, rash, irritation, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

227.   Plaintiff, Johnnie Corey, is and was at all times alleged herein a citizen of the State of New York and currently resides at 3409 Church Ave. Apt. 2R Brooklyn. NY 11203 and brings this action in his individual capacity.

228.   Plaintiff Johnnie Corey purchased Just For Men® in or about July 2015. Plaintiff Johnnie Corey applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Johnnie Corey suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent hair loss.

229.   Plaintiff, Vincent Gilliam, is and was at all times alleged herein a citizen of the State of New York and currently resides at 43 Kettell Ave. Apt H Yonkers, NY 10704 and brings this action in his individual capacity.

230.   Plaintiff Vincent Gilliam purchased Just For Men® in or about September 2014. Plaintiff Vincent Gilliam applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Vincent Gilliam suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, sores, blisters, burning, and permanent scarring.

231.   Plaintiff, Charles Billings, is and was at all times alleged herein a citizen of the State of New York and currently resides at 426 Villiard Rd. Parish, NY 13131 and brings this action in his individual capacity.

232.   Plaintiff Charles Billings purchased Just For Men® in or about July 2014. Plaintiff Charles Billings applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Charles Billings suffered a severe

reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, sores, blisters and burning.

233.   Plaintiff, Jerry Randle, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 3775 12th St. Ecorse, MI 48229 and brings this action in his individual capacity.

234.   Plaintiff Jerry Randle purchased Just For Men® in or about March 2014. Plaintiff Jerry Randle applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Jerry Randle suffered a severe reaction to Just For Men® including but not limited to redness, itching, oozing, weeping, sores, and blisters.

235.   Plaintiff, George Montero, is and was at all times alleged herein a citizen of the State of New York and currently resides at 140 Riverside Blvd. Apt 1211 New York, NY 10069 and brings this action in his individual capacity.

236.   Plaintiff George Montero purchased Just For Men® in or about May 2014. Plaintiff George Montero applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff George Montero suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, and irritation.

237.   Plaintiff, Merchall Gwinn, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 506 Lenox St. Gastonia, NC 28052 and brings this action in his individual capacity.

238.   Plaintiff Merchall Gwinn purchased Just For Men® in or about May 2014. Plaintiff Merchall Gwinn applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Merchall Gwinn suffered a severe

reaction to Just For Men® including but not limited to redness, swelling, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

239.   Plaintiff, Alvin Payton, is and was at all times alleged herein a citizen of the State of Minnesota and currently resides at 1005 Portland Ave. S. Apt.15 Minneapolis, MN 55404 and brings this action in his individual capacity.

240.   Plaintiff Alvin Payton purchased Just For Men® in or about October 2014. Plaintiff Alvin Payton applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Alvin Payton suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

241.   Plaintiff, Jerome King, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 8126 Page Ave Apt C-3 St. Louis, MO 63130 and brings this action in his individual capacity.

242.   Plaintiff Jerome King purchased Just For Men® in or about February 2012. Plaintiff Jerome King applied Just For Men® as directed in or about February 2012. In or about February 2012, Plaintiff Jerome King suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

243.   Plaintiff, Richard Currier Jr., is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 324 Arbutus Ave Cadillac, MI 49601 and brings this action in his individual capacity.

244.   Plaintiff Richard Currier Jr. purchased Just For Men® in or about May 2014. Plaintiff Richard Currier Jr. applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Richard Currier Jr. suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

245.   Plaintiff, Gary White, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 5719 Denwood Ave Baltimore, MD 21206 and brings this action in his individual capacity.

246.   Plaintiff Gary White purchased Just For Men® in or about May 2014. Plaintiff Gary White applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Gary White suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, blisters, and permanent skin roughness. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

247.   Plaintiff, William Kinloch, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 1215 Moss Tree Rd. Apt 1 North Charleston, SC 29405 and brings this action in his individual capacity.

248.   Plaintiff William Kinloch purchased Just For Men® in or about June 2014. Plaintiff William Kinloch applied Just For Men® as directed in or about

48

June 2014. In or about June 2014, Plaintiff William Kinloch suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, irritation, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

249.   Plaintiff, Richard Adams, is and was at all times alleged herein a citizen of the State of New York and currently resides at 3185 Ville Ave. Apt. 5B Bronx, NY 10468 and brings this action in his individual capacity.

250.   Plaintiff Richard Adams purchased Just For Men® in or about June 2014. Plaintiff Richard Adams applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Richard Adams suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

251.   Plaintiff, Eric Mims, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 271 Sudlow Lake Rd. Graniteville, SC 29829 and brings this action in his individual capacity.

252.   Plaintiff Eric Mims purchased Just For Men® in or about May 2014. Plaintiff Eric Mims applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Eric Mims suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, and burning.

253.   Plaintiff, Bradford Correll, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 16918 132nd Ave. E. Puyallup, WA 98374 and brings this action in his individual capacity.

254.   Plaintiff Bradford Correll purchased Just For Men® in or about May 2014. Plaintiff Bradford Correll applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Bradford Correll suffered a severe reaction to Just For Men® including but not limited to itching, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

255.   Plaintiff, Wesley Banks, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 12025 West Wood Detroit, MI 48228 and brings this action in his individual capacity.

256.   Plaintiff Wesley Banks purchased Just For Men® in or about August 2014. Plaintiff Wesley Banks applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Wesley Banks suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

257.   Plaintiff, Odies Gillen, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 50 Ransom NE Apt 1002 Grand Rapids, MI 49503 and brings this action in his individual capacity.

258.   Plaintiff Odies Gillen purchased Just For Men® in or about June 2014. Plaintiff Odies Gillen applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Odies Gillen suffered a severe reaction to Just For Men® including but not limited to oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

259.   Plaintiff, Thomas Ford, is and was at all times alleged herein a citizen of the State of Washington, D.C. and currently resides at 1161 6th St. NE Washington, D.C. and brings this action in his individual capacity.

260.   Plaintiff Thomas Ford purchased Just For Men® in or about July 2014. Plaintiff Thomas Ford applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Thomas Ford suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, vitiligo, and temporary skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

261.   Plaintiff, James Brown, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 4750 Coyle Rd. Apt 405 Owings Mills, MD 21117 and brings this action in his individual capacity.

262.   Plaintiff James Brown purchased Just For Men® in or about April 2014. Plaintiff James Brown applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff James Brown suffered a severe reaction to Just For Men® including but not limited to sores, blisters, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

263.   Plaintiff, Billy Harris, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1011 McDonald Ave Hamlet, NC 28345 and brings this action in his individual capacity.

264.   Plaintiff Billy Harris purchased Just For Men® in or about July 2014. Plaintiff Billy Harris applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Billy Harris suffered a severe reaction to Just For

Men® including but not limited to redness, swelling, rash, stinging, irritation, burning, permanent scarring and permanent skin discoloration.

265.  Plaintiff, Robert Holland, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 1013 North King St. 214 B Columbia, SC 29223 and brings this action in his individual capacity.

266.  Plaintiff Robert Holland purchased Just For Men® in or about June 2014. Plaintiff Robert Holland applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Robert Holland suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

267.  Plaintiff, Mohammed Rashid, is and was at all times alleged herein a citizen of the State of New York and currently resides at 23-12 95th St. East Elmhurst, NY 11369 and brings this action in his individual capacity.

268.  Plaintiff Mohammed Rashid purchased Just For Men® in or about September 2014. Plaintiff Mohammed Rashid applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Mohammed Rashid suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, irritation, oozing, weeping, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

269.   Plaintiff, Donald Waller, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 38229 N. 29th Ave Phoenix, AZ 85086 and brings this action in his individual capacity.

270.   Plaintiff Donald Waller purchased Just For Men® in or about June 2015. Plaintiff Donald Waller applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Donald Waller suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, bleeding, and burning.

271.   Plaintiff, Peter Martinello, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 8253 Wollcot Loop New Albany, OH 43054 and brings this action in his individual capacity.

272.   Plaintiff Peter Martinello purchased Just For Men® in or about June 2015. Plaintiff Peter Martinello applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Peter Martinello suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration..

273.   Plaintiff, Ronnie Brundidge, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 125 Lightfoot Dr. Troy, AL 36081 and brings this action in his individual capacity.

274.   Plaintiff Ronnie Brundidge purchased Just For Men® in or about June 2015. Plaintiff Ronnie Brundidge applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Ronnie Brundidge suffered a severe reaction to Just For Men® including but not limited to redness, swelling,

itching, rash, stinging, irritation, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

275.   Plaintiff, David Willis, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 501 Allison Ave. SW Apt.10 Roanoke, VA 24016 and brings this action in his individual capacity.

276.   Plaintiff David Willis purchased Just For Men® in or about July 2015. Plaintiff David Willis applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff David Willis suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, sores, blisters, burning, infection, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

277.   Plaintiff, Michael Connell, is and was at all times alleged herein a citizen of the State of California and currently resides at 8435 Old Ranch Rd. Orangevale, CA 95662 and brings this action in his individual capacity.

278.   Plaintiff Michael Connell purchased Just For Men® in or about June 2015. Plaintiff Michael Connell applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Michael Connell suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

279.   Plaintiff, Timothy Reeves, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 5616 Old Garden Rd. Wilmington, NC 28403 and brings this action in his individual capacity.

280.   Plaintiff Timothy Reeves purchased Just For Men® in or about June 2014. Plaintiff Timothy Reeves applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Timothy Reeves suffered a severe reaction to Just For Men® including but not limited to rash, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

281.   Plaintiff, Keith Elliott, is and was at all times alleged herein a citizen of the State of West Virginia and currently resides at 108 Lewis Ave. Apt. 4 Barboursvile, WV 25504 and brings this action in his individual capacity.

282.   Plaintiff Keith Elliott purchased Just For Men® in or about June 2015. Plaintiff Keith Elliott applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Keith Elliott suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning.

283.   Plaintiff, William Ross, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2011 Shady Lane Beavercreek, OH 45432 and brings this action in his individual capacity.

284.   Plaintiff William Ross purchased Just For Men® in or about November 2015. Plaintiff William Ross applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff William Ross suffered a severe reaction to Just For Men® including but not limited to redness,

swelling, itching, rash, stinging, irritation, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

285.   Plaintiff, Howard Gordon, is and was at all times alleged herein a citizen of the State of Nebraska and currently resides at 405 Dennis Dr. Bellevue, NE 68005 and brings this action in his individual capacity.

286.   Plaintiff Howard Gordon purchased Just For Men® in or about September 2015. Plaintiff Howard Gordon applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Howard Gordon suffered a severe reaction to Just For Men® including but not limited to burning and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

287.   Plaintiff, Victor Bryson, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 6073 Shadow Oak Dr. North Las Vegas, Nevada and brings this action in his individual capacity.

288.   Plaintiff Victor Bryson purchased Just For Men® in or about June 2015. Plaintiff Victor Bryson applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Victor Bryson suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, irritation, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

289.   Plaintiff, Al Wilson, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at PO Box 625 Elliott, SC 29046 and brings this action in his individual capacity.

56

290.   Plaintiff Al Wilson purchased Just For Men® in or about June 2014. Plaintiff Al Wilson applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Al Wilson suffered a severe reaction to Just For Men® including but not limited to swelling, rash, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

291.   Plaintiff, George Fields, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1537 S. Spaulding Ave. 1st Floor Chicago, IL 60623 and brings this action in his individual capacity.

292.   Plaintiff George Fields purchased Just For Men® in or about June 2015. Plaintiff George Fields applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff George Fields suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

293.   Plaintiff, Thomas Bennett, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 793 Nola Rd. Sontag, MS 39665 and brings this action in his individual capacity.

294.   Plaintiff Thomas Bennett purchased Just For Men® in or about June 2014. Plaintiff Thomas Bennett applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Thomas Bennett suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, and infection. As a result of

injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

295.  Plaintiff, Danny Goodroad, is and was at all times alleged herein a citizen of the State of Minnesota and currently resides at PO Box 2102 North Mankato, Minnesota 56002 and brings this action in his individual capacity.

296.  Plaintiff Jimmy Westbrook purchased Just For Men® in or about Arill 2015. Plaintiff Jimmy Westbrook applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Jimmy Westbrook suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, contact dermatitis, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Danny Goodroad was injured by Just For Men® in the state of South Dakota.

297.  Plaintiff, Steven Hopes, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 607 E Church Ln. Apt. C16 Philadelphia, PA 19144 and brings this action in his individual capacity.

298.  Plaintiff Steven Hopes purchased Just For Men® in or about June 2015. Plaintiff Steven Hopes applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Steven Hopes suffered a severe reaction to Just For Men® including but not limited to redness, itching, stinging, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

299.   Plaintiff, Lester Freeman, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 9612 Springfield Wood Circle Glen Allen, VA 23060 and brings this action in his individual capacity.

300.   Plaintiff Lester Freeman purchased Just For Men® in or about June 2015. Plaintiff Lester Freeman applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Lester Freeman suffered a severe reaction to Just For Men® including but not limited to itching and rash. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

301.   Plaintiff, Thomas Jackson, is and was at all times alleged herein a citizen of the State of New York and currently resides at 475 Carlton Ave Apt 4F Brooklyn, NY 11238 and brings this action in his individual capacity.

302.   Plaintiff Thomas Jackson purchased Just For Men® in or about June 2014. Plaintiff Thomas Jackson applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Thomas Jackson suffered a severe reaction to Just For Men® including but not limited to swelling, rash, oozing, weeping, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

303.   Plaintiff, Ronald Gant, is and was at all times alleged herein a citizen of the State of Connecticut and currently resides at 9 Bayberry Lane Danbury, CT 06810 and brings this action in his individual capacity.

304.   Plaintiff Ronald Gant purchased Just For Men® in or about June 2015. Plaintiff Ronald Gant applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Ronald Gant suffered a severe reaction to

Just For Men® including but not limited to sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

305.   Plaintiff, Kevin Watkins, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2569 Reed Creek Hwy Hartwell, GA 30643 and brings this action in his individual capacity.

306.   Plaintiff Kevin Watkins purchased Just For Men® in or about June 2015. Plaintiff Kevin Watkins applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Kevin Watkins suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, burning, and flaking skin. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

307.   Plaintiff, Jerry Bacon, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 1929 S. Kirtman Rd. Apt 123 Orlando, FL 32811 and brings this action in his individual capacity.

308.   Plaintiff Jerry Bacon purchased Just For Men® in or about January 2014. Plaintiff Jerry Bacon applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Jerry Bacon suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

309.   Plaintiff, Derek Bynum, is and was at all times alleged herein a citizen of the State of California and currently resides at 1109 5t St. Vallejo, CA 94590 and brings this action in his individual capacity.

310.   Plaintiff Derek Bynum purchased Just For Men® in or about June 2015. Plaintiff Derek Bynum applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Derek Bynum suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

311.   Plaintiff, Larry Germany, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 741 Parkwood Dr. Cleveland, OH 44307 and brings this action in his individual capacity.

312.   Plaintiff Larry Germany purchased Just For Men® in or about June 2015. Plaintiff Larry Germany applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Larry Germany suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

313.   Plaintiff, Ernest Lamb, is and was at all times alleged herein a citizen of the State of Indiana and currently resides at 6940 Bertram Ave. Hammond, IN 46324 and brings this action in his individual capacity.

314.   Plaintiff Ernest Lamb purchased Just For Men® in or about July 2015. Plaintiff Ernest Lamb applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Ernest Lamb suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

315.   Plaintiff, Kyle Hall, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 40 Richelieu Place Newark, NJ 07106 and brings this action in his individual capacity.

316.   Plaintiff Kyle Hall purchased Just For Men® in or about September 2015. Plaintiff Kyle Hall applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Kyle Hall suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, and general disfigurement. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

317.   Plaintiff, Ronney Ewell, is and was at all times alleged herein a citizen of the State of California and currently resides at 4269 Emmons Circle Mather, CA 95655 and brings this action in his individual capacity.

318.   Plaintiff Ronney Ewell purchased Just For Men® in or about May 2015. Plaintiff Ronney Ewell applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Ronney Ewell suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, permanent scarring and permanent skin discoloration.

319.  Plaintiff, Larry Eason, is and was at all times alleged herein a citizen of the State of Iowa and currently resides at 3218 Castle Dr. SW Cedar Rapids, IA 52404 and brings this action in his individual capacity.

320.  Plaintiff Larry Eason purchased Just For Men® in or about June 2015. Plaintiff Larry Eason applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Larry Eason suffered a severe reaction to Just For Men® including but not limited to rash, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

321.  Plaintiff, Kenneth Loftin, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1902 Stephens St. Goldsboro, NC 27530 and brings this action in his individual capacity.

322.  Plaintiff Kenneth Loftin purchased Just For Men® in or about October 2014. Plaintiff Kenneth Loftin applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Kenneth Loftin suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

323.  Plaintiff, Keith Patterson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 10619 Tacoma Ave. Cleveland, OH 44108 and brings this action in his individual capacity.

324.  Plaintiff Keith Patterson purchased Just For Men® in or about June 2015. Plaintiff Keith Patterson applied Just For Men® as directed in or about

June 2015. In or about June 2015, Plaintiff Keith Patterson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

325.   Plaintiff, Charles Washington, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 113 Country Rd. 213 Abbeville, AL 36310 and brings this action in his individual capacity.

326.   Plaintiff Charles Washington purchased Just For Men® in or about June 2015. Plaintiff Charles Washington applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Charles Washington suffered a severe reaction to Just For Men® irritation, oozing, weeping, sores, and blisters.

327.   Plaintiff, James Trimble, is and was at all times alleged herein a citizen of the State of Indiana and currently resides at 2205 S. Calhoun St. Apt 5 Ft. Wayne, IN 46802 and brings this action in his individual capacity.

328.   Plaintiff James Trimble purchased Just For Men® in or about June 2015. Plaintiff James Trimble applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff James Trimble suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, permanent scarring and permanent skin discoloration.

329.   Plaintiff, Ronald Carpenter, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3954 Princeton Blvd. Cleveland, Ohio and brings this action in his individual capacity.

330.    Plaintiff Ronald Carpenter purchased Just For Men® in or about June 2015. Plaintiff Ronald Carpenter applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Ronald Carpenter suffered a severe reaction to Just For Men® including but not limited to redness, swelling, rash, stinging, irritation, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

331.    Plaintiff, James Black, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 7250 Walnutcove Rd Walkertown, NC 27051 and brings this action in his individual capacity.

332.    Plaintiff James Black purchased Just For Men® in or about June 2014. Plaintiff James Black applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff James Black suffered a severe reaction to Just For Men® including but not limited to irritation, damaged hair, hair loss, permanent scarring and permanent skin discoloration

333.    Plaintiff, Anthony Chambers, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 108 Lincoln St. Apt 423 Hogansville, GA 30230 and brings this action in his individual capacity.

334.    Plaintiff Anthony Chambers purchased Just For Men® in or about October 2015. Plaintiff Anthony Chambers applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Anthony Chambers suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, oozing, weeping, sores, blisters, infection, permanent scarring and permanent skin discoloration. As a result of injuries

sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Anthony Chambers was injured by Just For Men® in the state of Michigan.

335.   Plaintiff, Steven Cody, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 747 Main St. Toledo, OH 43605 and brings this action in his individual capacity.

336.   Plaintiff Steven Cody purchased Just For Men® in or about January 2015. Plaintiff Steven Cody applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Steven Cody suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

337.   Plaintiff, Arthur Parker, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 104 N Smallwood St Baltimore, MD 21223 and brings this action in his individual capacity.

338.   Plaintiff Arthur Parker purchased Just For Men® in or about June 2014. Plaintiff Arthur Parker applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Arthur Parker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

339.   Plaintiff, Tyrone Grogdon, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 616 N Belnord Ave Baltimore, MD 21205 and brings this action in his individual capacity.

340.   Plaintiff Tyrone Grogdon purchased Just For Men® in or about June 2015. Plaintiff Tyrone Grogdon applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Tyrone Grogdon suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, burning, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

341.   Plaintiff, Brian O'Neil, is and was at all times alleged herein a citizen of the State of California and currently resides at 9750 Wiley Burke Ave. Downey, CA 90240 and brings this action in his individual capacity.

342.   Plaintiff Brian O'Neil purchased Just For Men® in or about January 2015. Plaintiff Brian O'Neil applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Brian O'Neil suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, and permanent scarring.

343.   Plaintiff, Mike Warner, is and was at all times alleged herein a citizen of the State of New York and currently resides at 100 Allers Blvd. Roosevelt, NY 11575 and brings this action in his individual capacity.

344.   Plaintiff Mike Warner purchased Just For Men® in or about June 2014. Plaintiff Mike Warner applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Mike Warner suffered a severe reaction to

Just For Men® including but not limited to swelling, burning, vitiligo, and loss of pigmentation. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

345.   Plaintiff, Elbert White III, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 13365 North 175th Dr. Surprise, AZ 85388 and brings this action in his individual capacity.

346.   Plaintiff Elbert White III purchased Just For Men® in or about June 2015. Plaintiff Elbert White III applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Elbert White III suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

347.   Plaintiff, Roderick Bullock, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 3104 Mintleaf Dr. Charlotte, NC 28269 and brings this action in his individual capacity.

348.   Plaintiff Roderick Bullock purchased Just For Men® in or about June 2014. Plaintiff Roderick Bullock applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Roderick Bullock suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, burning, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

349.   Plaintiff, Roy Prince, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 2150 Mallette Rd Manning, SC 29102 and brings this action in his individual capacity.

350.   Plaintiff Roy Prince purchased Just For Men® in or about June 2014. Plaintiff Roy Prince applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Roy Prince suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

351.   Plaintiff, George Curry, is and was at all times alleged herein a citizen of the State of Vermont and currently resides at 373 Autumn Pond Way Apt 4 and brings this action in his individual capacity.

352.   Plaintiff George Curry purchased Just For Men® in or about June 2014. Plaintiff George Curry applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff George Curry suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, burning, and vitiligo. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

353.   Plaintiff, John Wagner , is and was at all times alleged herein a citizen of the State of California and currently resides at 68190 Calle Blanco St. Desert Hot Springs, CA 92240 and brings this action in his individual capacity.

354.   Plaintiff John Wagner purchased Just For Men® in or about June 2015. Plaintiff John Wagner applied Just For Men® as directed in or about June

2015. In or about June 2015, Plaintiff John Wagner suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

355.  Plaintiff, Collins Kortor, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1823 Roustice Durham, NC 27713 and brings this action in his individual capacity.

356.  Plaintiff Collins Kortor purchased Just For Men® in or about May 2014. Plaintiff Collins Kortor applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Collins Kortor suffered a severe reaction to Just For Men® including but not limited to swelling, rash, irritation, oozing, weeping, sores, blisters, and permanent scarring.

357.  Plaintiff, Elvis McFarland, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 235 Railroad Ave. Greenville, MS 38701 and brings this action in his individual capacity.

358.  Plaintiff Elvis McFarland purchased Just For Men® in or about May 2014. Plaintiff Elvis McFarland applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Elvis McFarland suffered a severe reaction to Just For Men® including but not limited to swelling, rash, stinging, irritation, oozing, weeping, sores, blisters, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

359.   Plaintiff, Arthur William Vellucci, Jr., is and was at all times alleged herein a citizen of the State of Rhode Island and currently resides at 237 Tiogue Ave. Coventry, RI 02816and brings this action in his individual capacity.

360.   Plaintiff Arthur William Vellucci, Jr. purchased Just For Men® in or about May 2014. Plaintiff Arthur William Vellucci, Jr. applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Arthur William Vellucci, Jr. suffered a severe reaction to Just For Men® including but not limited to redness, swelling, rash, irritation, oozing, weeping, sores, blisters, burning, damaged hair and flaking skin. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

361.   Plaintiff, Darin Burton, is and was at all times alleged herein a citizen of the State of New York and currently resides at 300 E. 143rd St. Apt. 12F Bronx, NY 10451 and brings this action in his individual capacity.

362.   Plaintiff Darin Burton purchased Just For Men® in or about June 2014. Plaintiff Darin Burton applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Darin Burton suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, and burning.

363.   Plaintiff, Steven Harper, is and was at all times alleged herein a citizen of the State of South Carolina,  and currently resides at 1158 Coralbean Way Columbia, South Carolina 29229 and brings this action in his individual capacity.

364.   Plaintiff Steven Harper purchased Just For Men® in or about June 2014. Plaintiff Steven Harper applied Just For Men® as directed in or about June

2014. In or about June 2014, Plaintiff Steven Harper suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

365.   Plaintiff, Lamont Perkins, is and was at all times alleged herein a citizen of the State of New York and currently resides at 571 Myrtle Ave. Apt. #3 Brooklyn, NY 11249  and brings this action in his individual capacity.

366.   Plaintiff Lamont Perkins purchased Just For Men® in or about June 2014. Plaintiff Lamont Perkins applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Lamont Perkins suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

367.   Plaintiff, Hector Lopez, is and was at all times alleged herein a citizen of the State of New York and currently resides at 160 Madison Ave. Apt. 8E New York, NY 10016 and brings this action in his individual capacity.

368.   Plaintiff Hector Lopez purchased Just For Men® in or about June 2014. Plaintiff Hector Lopez applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Hector Lopez suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and contact

dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

369.  Plaintiff, Luis Soliz, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 10931 Argonite Dr. NW Albuquerque, NM 87114 and brings this action in his individual capacity.

370.  Plaintiff Luis Soliz purchased Just For Men® in or about June 2014. Plaintiff Luis Soliz applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Luis Soliz suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

371.  Plaintiff, Gary Smith, is and was at all times alleged herein a citizen of the State of Arkansas and currently resides at 12080 Turner Hill Rd. Elkins, AR 72727 and brings this action in his individual capacity.

372.  Plaintiff Gary Smith purchased Just For Men® in or about June 2014. Plaintiff Gary Smith applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Gary Smith suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

373.  Plaintiff, Carl Edwards, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 4939 Pea Ridge Rd. Morganton, NC 28655 and brings this action in his individual capacity.

374.   Plaintiff Carl Edwards purchased Just For Men® in or about June 2014. Plaintiff Carl Edwards applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Carl Edwards suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

375.   Plaintiff, Leon Hill, is and was at all times alleged herein a citizen of the State of New York and currently resides at 150 Richmond Terrace Suite C Staten Island, NY 10301 and brings this action in his individual capacity.

376.   Plaintiff Leon Hill purchased Just For Men® in or about June 2014. Plaintiff Leon Hill applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Leon Hill suffered a severe reaction to Just For Men® including but not limited to itching, stinging, irritation, burning, and permanent skin discoloration.

377.   Plaintiff, Stephen Baca, is and was at all times alleged herein a citizen of the State of New Mexico and currently resides at 3443 Lockerbie Dr. SE Rio Rancho, NM 87124 and brings this action in his individual capacity.

378.   Plaintiff Stephen Baca purchased Just For Men® in or about June 2014. Plaintiff Stephen Baca applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Stephen Baca suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

379.   Plaintiff, Rodney Wellington, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 1244 North Park Cove Tunica, MS 38676 and brings this action in his individual capacity.

380.   Plaintiff Rodney Wellington purchased Just For Men® in or about June 2014. Plaintiff Rodney Wellington applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Rodney Wellington suffered a severe reaction to Just For Men® including but not limited to itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

381.   Plaintiff, Louis Defazio, is and was at all times alleged herein a citizen of the State of Rhode Island and currently resides at 455 Meshanticut Valley Way Apt. 111A Cranston, RI 02920 and brings this action in his individual capacity.

382.   Plaintiff Louis Defazio purchased Just For Men® in or about June 2014. Plaintiff Louis Defazio applied Just For Men® as directed in or about August 2014. In or about August  2014, Plaintiff Louis Defazio suffered a severe reaction to Just For Men® including but not limited to redness, rash, irritation, sores, blisters, burning, infection, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

383.   Plaintiff, Robert Martin, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 604 W. John Beers Rd. Lot 6H Stevensville, MI 49127 and brings this action in his individual capacity.

384.   Plaintiff Robert Martin purchased Just For Men® in or about May 2014. Plaintiff Robert Martin applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Robert Martin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

385.   Plaintiff, Derek Brown, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 107 Nick Lane Moncks Corner, SC 29461 and brings this action in his individual capacity.

386.   Plaintiff Derek Brown purchased Just For Men® in or about July 2014. Plaintiff Derek Brown applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Derek Brown suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, and permanent scarring.

387.   Plaintiff, Hubert Spires, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 2171 Old Hwy. 49 Bentonia, MS 39040 and brings this action in his individual capacity.

388.   Plaintiff Hubert Spires purchased Just For Men® in or about July 2014. Plaintiff Hubert Spires applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Hubert Spires suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, and burning.

389.   Plaintiff, Colin Jones, is and was at all times alleged herein a citizen of the State of Vermont and currently resides at PO Box 333 Saint Albans Bay, VT 05841 and brings this action in his individual capacity.

390.   Plaintiff Colin Jones purchased Just For Men® in or about October 2014. Plaintiff Colin Jones applied Just For Men® as directed in or about October 2014 2015. In or about October 2014, Plaintiff Colin Jones suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

391.   Plaintiff, Christian Richard, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 1 Spinnaker Hill Lane Hull, MA 02045 and brings this action in his individual capacity.

392.   Plaintiff Christian Richard purchased Just For Men® in or about June 2014. Plaintiff Christian Richard applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Christian Richard suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

393.   Plaintiff, Chris Shepherd, is and was at all times alleged herein a citizen of the State of Minnesota and currently resides at 2015 Twin Bluff Rd. Red Wing, MN 55066 and brings this action in his individual capacity.

394.   Plaintiff Chris Shepherd purchased Just For Men® in or about June 2013. Plaintiff Chris Shepherd applied Just For Men® as directed in or about

June 2013. In or about June 2013, Plaintiff Chris Shepherd suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

395.   Plaintiff, Taylor Price, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 3303 Sally Hill Rd. Timmonsville, SC 29161 and brings this action in his individual capacity.

396.   Plaintiff Taylor Price purchased Just For Men® in or about June 2014. Plaintiff Taylor Price applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Taylor Price suffered a severe reaction to Just For Men® including but not limited to itching, irritation, sores, and blisters.

397.   Plaintiff, William Boykin, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 7629 West Thurston Circle Milwaukee, WI 53218 and brings this action in his individual capacity.

398.   Plaintiff William Boykin purchased Just For Men® in or about August 2014. Plaintiff William Boykin applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff William Boykin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

399.  Plaintiff, Stephen Bowen, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 1812 W. Keefe Ave Milwaukee, WI 53206 and brings this action in his individual capacity.

400.  Plaintiff Stephen Bowen purchased Just For Men® in or about April 2014. Plaintiff Stephen Bowen applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Stephen Bowen suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

401.  Plaintiff, Bernard Merriewether, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 18441 Sussex St. Detroit, MI 48235 and brings this action in his individual capacity.

402.  Plaintiff Bernard Merriewether purchased Just For Men® in or about June 2014. Plaintiff Bernard Merriewether applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Bernard Merriewether suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

403.  Plaintiff, Richard Savage, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 7044 MacBeth Way Sykesville, MD 21784 and brings this action in his individual capacity.

404.   Plaintiff Richard Savage purchased Just For Men® in or about June 2014. Plaintiff Richard Savage applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Richard Savage suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, oozing, weeping, sores, blisters, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

405.   Plaintiff, Sylvester Brown, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 1004 Carmack Blvd. Apt 5 Columbia, TN 38401 and brings this action in his individual capacity.

406.   Plaintiff Sylvester Brown purchased Just For Men® in or about June 2014. Plaintiff Sylvester Brown applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Sylvester Brown suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Sylvester Brown was injured by Just For Men® in the state of Michigan.

407.   Plaintiff, Steven Bellamy, is and was at all times alleged herein a citizen of the State of New York and currently resides at 23 N Columbus Ave Apt 9C Mount Vernon, NY 10553 and brings this action in his individual capacity.

408.   Plaintiff Steven Bellamy purchased Just For Men® in or about March 2014. Plaintiff Steven Bellamy applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Steven Bellamy suffered a severe

reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

409.   Plaintiff, Craig White, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 180 Winthrop St. Apt. 2 Roxbury, MA 02119 and brings this action in his individual capacity.

410.   Plaintiff Craig White purchased Just For Men® in or about June 2014. Plaintiff Craig White applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Craig White suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

411.   Plaintiff, Clyde Sallie, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 2321 Kent Blvd. NE Grand Rapids, MI 49503 and brings this action in his individual capacity.

412.   Plaintiff Clyde Sallie purchased Just For Men® in or about June 2014. Plaintiff Clyde Sallie applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Clyde Sallie suffered a severe reaction to Just For Men® including but not limited to stinging, irritation, burning, decreased eyesight and cornea burns. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff, Jimmy Westbrook, is and was at all times alleged herein a citizen of the State of

Tennessee and currently resides at 4490 Millstream Dr. Apt 2 Memphis, TN 38116 and brings this action in his individual capacity.

413.   Plaintiff, Jaime Rodriguez, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 5412 W 30th Place Cicero, IL 60804 and brings this action in his individual capacity.

414.   Plaintiff Jaime Rodriguez purchased Just For Men® in or about July 2015. Plaintiff Jaime Rodriguez applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Jaime Rodriguez suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, hair loss and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

415.   Plaintiff, Brent Wolfberg, is and was at all times alleged herein a citizen of the State of California and currently resides at 8 Dartmouth Dr Rancho Mirage, CA 92270 and brings this action in his individual capacity.

416.   Plaintiff Brent Wolfberg purchased Just For Men® in or about July 2015. Plaintiff Brent Wolfberg applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Brent Wolfberg suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

417.   Plaintiff, Glenn Raymus, is and was at all times alleged herein a citizen of the State of New York and currently resides at 706 Arbor Ave Schenectady, NY 12306 and brings this action in his individual capacity.

418.   Plaintiff Glenn Raymus purchased Just For Men® in or about June 2014. Plaintiff Glenn Raymus applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Glenn Raymus suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

419.   Plaintiff, Todd Robuck, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 2740 Faringdon Dr. Tallahassee, FL 32303 and brings this action in his individual capacity.

420.   Plaintiff Todd Robuck purchased Just For Men® in or about April 2015. Plaintiff Todd Robuck applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Todd Robuck suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, and burning.

421.   Plaintiff, Eric Coe, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 8054 Birch Walk Dr. Riverdale, GA 30274 and brings this action in his individual capacity.

422.   Plaintiff Eric Coe purchased Just For Men® in or about July 2015. Plaintiff Eric Coe applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Eric Coe suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation,

oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

423. Plaintiff, Karlton Leonard, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1542 South Hwy 67 Cedarhill, TX 25104 and brings this action in his individual capacity.

424. Plaintiff Karlton Leonard purchased Just For Men® in or about June 2015. Plaintiff Karlton Leonard applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Karlton Leonard suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, and irritation. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

425. Plaintiff, Ralph Hernandez, is and was at all times alleged herein a citizen of the State of California and currently resides at 1608 S. Palm Ave. Ontario, CA 91762 and brings this action in his individual capacity.

426. Plaintiff Ralph Hernandez purchased Just For Men® in or about August 2015. Plaintiff Ralph Hernandez applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Ralph Hernandez suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and burning.

427. Plaintiff, Charles Davenport, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 1531 Widener Pl. Philadelphia, PA 19141 38116 and brings this action in his individual capacity.

428. Plaintiff Charles Davenport purchased Just For Men® in or about August 2015. Plaintiff Charles Davenport applied Just For Men® as directed in

or about August 2015. In or about August 2015, Plaintiff Charles Davenport suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

429.   Plaintiff, Samuel Finn, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 149 Worden Ave. Hopeland, NJ 08861 and brings this action in his individual capacity.

430.   Plaintiff Samuel Finn purchased Just For Men® in or about May 2015. Plaintiff Samuel Finn applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Samuel Finn suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, irritation, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

431.   Plaintiff, Joseph Jordan, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 1805 Riviera Pkwy Point Pleasant Beach, NJ 08742 and brings this action in his individual capacity.

432.   Plaintiff Joseph Jordan purchased Just For Men® in or about September 2015. Plaintiff Joseph Jordan applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Joseph Jordan suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

433.   Plaintiff, Sammy Richardson, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2446 Dothan Rd. Bainbridge, GA 39817 and brings this action in his individual capacity.

434.   Plaintiff Sammy Richardson purchased Just For Men® in or about July 2015. Plaintiff Sammy Richardson applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Sammy Richardson suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, irritation, oozing, weeping, sores, blisters, burning, infection, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

435.   Plaintiff, Danny Lawhorn, is and was at all times alleged herein a citizen of the State of New York and currently resides at 343 Avis St. Rochester, NY 14615 and brings this action in his individual capacity.

436.   Plaintiff Danny Lawhorn purchased Just For Men® in or about June 2015. Plaintiff Danny Lawhorn applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Danny Lawhorn suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and sores. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

437.   Plaintiff, Roger Hartfield, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1602 Bitter Creek Dr. Garland, TX 75040 and brings this action in his individual capacity.

438.   Plaintiff Roger Hartfield purchased Just For Men® in or about July 2015. Plaintiff Roger Hartfield applied Just For Men® as directed in or about July

2015. In or about July 2015, Plaintiff Roger Hartfield suffered a severe reaction to Just For Men® including but not limited to itching, stinging, irritation, burning, and permanent scarring.

439.   Plaintiff, Marjo Harris, is and was at all times alleged herein a citizen of the State of Colorado and currently resides at 1955 Ulster St. 421 Denver, CO 80220 and brings this action in his individual capacity.

440.   Plaintiff Marjo Harris purchased Just For Men® in or about July 2015. Plaintiff Marjo Harris applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Marjo Harris suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

441.   Plaintiff, George Jones, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 19413 Oakwood Ave Lynwood, IL 60411 and brings this action in his individual capacity.

442.   Plaintiff George Jones purchased Just For Men® in or about July 2015. Plaintiff George Jones applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff George Jones suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

443.   Plaintiff, Noel Holbrook, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 308 W. Rd. Beaver, OH 45613 and brings this action in his individual capacity.

444.   Plaintiff Noel Holbrook purchased Just For Men® in or about July 2015. Plaintiff Noel Holbrook applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Noel Holbrook suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation and burning,. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

445.   Plaintiff, Samuel Delgado, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 88 Cleavland St. Springfield, MA 01104 and brings this action in his individual capacity.

446.   Plaintiff Samuel Delgado purchased Just For Men® in or about June 2014. Plaintiff Samuel Delgado applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Samuel Delgado suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring.

447.   Plaintiff, Andrew Savoia, is and was at all times alleged herein a citizen of the State of California and currently resides at 5006 Macario Dr. Oceanside, CA 92057 and brings this action in his individual capacity.

448.   Plaintiff Andrew Savoia purchased Just For Men® in or about December 2015. Plaintiff Andrew Savoia applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Andrew Savoia

suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, blisters, burning, infection, skin discoloration and permanent scarring.

449.   Plaintiff, Lee Brisco, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 818 Redwood Dr. Green Bay, WI 54304 and brings this action in his individual capacity.

450.   Plaintiff Lee Brisco purchased Just For Men® in or about July 2014. Plaintiff Lee Brisco applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Lee Brisco suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration.

451.   Plaintiff, William White, is and was at all times alleged herein a citizen of the State of New York and currently resides at 200 Bethel Loop Apt 10G Brooklyn, NY 11239 and brings this action in his individual capacity.

452.   Plaintiff William White purchased Just For Men® in or about July 2015. Plaintiff William White applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff William White suffered a severe reaction to Just For Men® including but not limited to numbness of mouth and face, loss of tastebuds, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

453.   Plaintiff, Roger Penn, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 515 Crowpoint Lane Arlington, TX 76002 and brings this action in his individual capacity.

454.   Plaintiff Roger Penn purchased Just For Men® in or about September 2015. Plaintiff Roger Penn applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Roger Penn suffered a severe reaction to Just For Men® including but not limited to redness, swelling, reaction, and irritation.

455.   Plaintiff, David Palazzolo, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1306 Dover Dr. Medina, OH 44256 and brings this action in his individual capacity.

456.   Plaintiff David Palazzolo purchased Just For Men® in or about September 2015. Plaintiff David Palazzolo applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff David Palazzolo suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, vitiligo permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

457.   Plaintiff, Brett Ervin, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 10515 Franke Ave Cleveland, Ohio 44106 and brings this action in his individual capacity.

458.   Plaintiff Brett Ervin purchased Just For Men® in or about July 2015. Plaintiff Brett Ervin applied Just For Men® as directed in or about July 2015. In

or about July 2015, Plaintiff Brett Ervin suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Brett Ervin was injured by Just For Men® in the state of California.

459.   Plaintiff, Joseph Shellhammer, is and was at all times alleged herein a citizen of the State of Pensylvania and currently resides at 936 High St. Bethlehem, PA 18018 and brings this action in his individual capacity.

460.   Plaintiff Joseph Shellhammer purchased Just For Men® in or about August 2015. Plaintiff Joseph Shellhammer applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Joseph Shellhammer suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, eye damage, skin sensitivity, and permanent scarring.

461.   Plaintiff, Osborne Cooper, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 118 Lewis St. Walterboro, SC 29488 and brings this action in his individual capacity.

462.   Plaintiff Osborne Cooper purchased Just For Men® in or about July 2014. Plaintiff Osborne Cooper applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Osborne Cooper suffered a severe reaction to Just For Men® including but not limited to swelling, itching, rash, irritation, oozing, weeping, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

463.   Plaintiff, Joel Molsbarger, is and was at all times alleged herein a citizen of the State of North Dakota and currently resides at 1357 23rd. Ave. NE Grand Forks, ND 58203 and brings this action in his individual capacity.

464.   Plaintiff Joel Molsbarger purchased Just For Men® in or about August 2015. Plaintiff Joel Molsbarger applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Joel Molsbarger suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, oozing, weeping, bleeding, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

465.   Plaintiff, Ricky Rodgers, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1101 Klondike St. Toledo, OH 43607 and brings this action in his individual capacity.

466.   Plaintiff Ricky Rodgers purchased Just For Men® in or about July 2015. Plaintiff Ricky Rodgers applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Ricky Rodgers suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

467.   Plaintiff, Lenworth Robinson, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 21710 Oriole Trail Humble, TX 77338 and brings this action in his individual capacity.

468.   Plaintiff Lenworth Robinson purchased Just For Men® in or about December 2015. Plaintiff Lenworth Robinson applied Just For Men® as directed

in or about December 2015. In or about December 2015, Plaintiff Lenworth Robinson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration.

469.   Plaintiff, Hans Washington, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 6809 Suffolk, VA 23435 and brings this action in his individual capacity.

470.   Plaintiff Hans Washington purchased Just For Men® in or about July 2015. Plaintiff Hans Washington applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Hans Washington suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

471.   Plaintiff, Darren Baker, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 747 High St. Freeport, PA 16229 and brings this action in his individual capacity.

472.   Plaintiff Darren Baker purchased Just For Men® in or about August 2015. Plaintiff Darren Baker applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Darren Baker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

473.   Plaintiff, Charles Murray, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 5614 Mesa Circle Dallas, TX 75235 and brings this action in his individual capacity.

474.   Plaintiff Charles Murray purchased Just For Men® in or about September 2015. Plaintiff Charles Murray applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Charles Murray suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

475.   Plaintiff, Rudolph Glover, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 1620 Summer Dr. Ridgeville, SC 29472 and brings this action in his individual capacity.

476.   Plaintiff Rudolph Glover purchased Just For Men® in or about July 2014. Plaintiff Rudolph Glover applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Rudolph Glover suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, sores, blisters, burning, and permanent skin discoloration.

477.   Plaintiff, Zachery Hemingway, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at PO Box 596 29528 and brings this action in his individual capacity.

478.   Plaintiff Zachery Hemingway purchased Just For Men® in or about March 2014. Plaintiff Zachery Hemingway applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Zachery Hemingway suffered

a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, vitiligo, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

479.   Plaintiff, Jason Poirier, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 1051 Steelman Lane Ocean Springs, MS 39564 and brings this action in his individual capacity.

480.   Plaintiff Jason Poirier purchased Just For Men® in or about July 2015. Plaintiff Jason Poirier applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Jason Poirier suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

481.   Plaintiff, Curtis Starks, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 906 South St. Albany, GA 31705 and brings this action in his individual capacity.

482.   Plaintiff Curtis Starks purchased Just For Men® in or about July 2015. Plaintiff Curtis Starks applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Curtis Starks suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration.

483.   Plaintiff, William Johnson, Jr., is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 1910 Mayview Ave. Upper Unit Cleveland, OH 44109 and brings this action in his individual capacity.

484.   Plaintiff William Johnson, Jr. purchased Just For Men® in or about July 2015. Plaintiff William Johnson, Jr. applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff William Johnson, Jr. suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

485.   Plaintiff, Charles Kirby, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 571 N. 30th St. #60 Las Vegas, NV 89101 and brings this action in his individual capacity.

486.   Plaintiff Charles Kirby purchased Just For Men® in or about April 2015. Plaintiff Charles Kirby applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Charles Kirby suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

487.   Plaintiff, Roger Casto, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 104 Wooster St. Marietta, OH 45750 and brings this action in his individual capacity.

488.   Plaintiff Roger Casto purchased Just For Men® in or about July 2015. Plaintiff Roger Casto applied Just For Men® as directed in or about July

2015. In or about July 2015, Plaintiff Roger Casto suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

489.  Plaintiff, Alfred Clark, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 334147 E. 890 Rd. Wellston, OK 74881 and brings this action in his individual capacity.

490.  Plaintiff Alfred Clark purchased Just For Men® in or about August 2015. Plaintiff Alfred Clark applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Alfred Clark suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

491.  Plaintiff, Sherwood Solomon, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 142 West Chew Ave. Philadelphia, PA 19130  and brings this action in his individual capacity.

492.  Plaintiff Sherwood Solomon purchased Just For Men® in or about July 2015. Plaintiff Sherwood Solomon applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Sherwood Solomon suffered a severe reaction to Just For Men® including but not limited to swelling, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

493.   Plaintiff, James Fullard, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 1315 Fellow Lane Sumter, SC 29154 and brings this action in his individual capacity.

494.   Plaintiff James Fullard purchased Just For Men® in or about July 2014. Plaintiff James Fullard applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff James Fullard suffered a severe reaction to Just For Men® including but not limited to redness, itching, stinging, irritation, burning, vitiligo, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

495.   Plaintiff, Nathaniel Lowe, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 6507 N. Smedley Philadelphia, PA 19126 and brings this action in his individual capacity.

496.   Plaintiff Nathaniel Lowe purchased Just For Men® in or about July 2015. Plaintiff Nathaniel Lowe applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Nathaniel Lowe suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

497.   Plaintiff, Leon Taylor, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 62 Orchid St. Mount Clemens, MI 48043 and brings this action in his individual capacity.

498.  Plaintiff Leon Taylor purchased Just For Men® in or about June 2014. Plaintiff Leon Taylor applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Leon Taylor suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

499.  Plaintiff, James Parker, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 2240 Glass Rd. Vicksburg, MS 39180 and brings this action in his individual capacity.

500.  Plaintiff James Parker purchased Just For Men® in or about May 2014. Plaintiff James Parker applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff James Parker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

501.  Plaintiff, Johnnie Green, is and was at all times alleged herein a citizen of the State of New York and currently resides at 1935 Madison Ave. New York, NY 10035 and brings this action in his individual capacity.

502.  Plaintiff Johnnie Green purchased Just For Men® in or about June 2014. Plaintiff Johnnie Green applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Johnnie Green suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging,

irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

503.   Plaintiff, Keith Kellum, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 8237 Veranno St. Navarre, FL 32566 and brings this action in his individual capacity.

504.   Plaintiff Keith Kellum purchased Just For Men® in or about June 2014. Plaintiff Keith Kellum applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Keith Kellum suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Keith Kellum was injured by Just For Men® in the state of Maryland.

505.   Plaintiff, John Muller, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 133 Saint James Ave. West Columbia, SC 29172 and brings this action in his individual capacity.

506.   Plaintiff John Muller purchased Just For Men® in or about July 2014. Plaintiff John Muller applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff John Muller suffered a severe reaction to Just For Men® including but not limited to redness, itching, irritation, and sores, blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

507.   Plaintiff, Anthony Davy, is and was at all times alleged herein a citizen of the State of New York and currently resides at 256 E. 37th St. Apt 2h Brooklyn, NY 11203 and brings this action in his individual capacity.

508.   Plaintiff Anthony Davy purchased Just For Men® in or about May 2014. Plaintiff Anthony Davy applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Anthony Davy suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

509.   Plaintiff, Buddy Edwards, is and was at all times alleged herein a citizen of the State of New York and currently resides at PO Box 110783 Cambria Heights, NY 11411 and brings this action in his individual capacity.

510.   Plaintiff Buddy Edwards purchased Just For Men® in or about July 2014. Plaintiff Buddy Edwards applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Buddy Edwards suffered a severe reaction to Just For Men® including but not limited to redness, itching, stinging, irritation, burning, and permanent skin discoloration.

511.   Plaintiff, Willie Durham, is and was at all times alleged herein a citizen of the State of New York and currently resides at 861 A East 46th St. Brooklyn, NY 11203 and brings this action in his individual capacity.

512.   Plaintiff Willie Durham purchased Just For Men® in or about July 2014. Plaintiff Willie Durham applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Willie Durham suffered a severe reaction

to Just For Men® including but not limited to redness, swelling, itching, and rash. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment. Plaintiff Willie Durham was injured by Just For Men® in the state of Virginia.

513.   Plaintiff, David Cortes, is and was at all times alleged herein a citizen of the State of New York and currently resides at 514 A. Main St. New Rochelle, NY 10801 and brings this action in his individual capacity.

514.   Plaintiff David Cortes purchased Just For Men® in or about December 2014. Plaintiff David Cortes applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff David Cortes suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

515.   Plaintiff, Anthony Battle, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 119 Wade Dr. Princeton, NC 27569 and brings this action in his individual capacity.

516.   Plaintiff Anthony Battle purchased Just For Men® in or about August 2014. Plaintiff Anthony Battle applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Anthony Battle suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning.

As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

517.   Plaintiff, Timothy Owens, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 19631 SE 37th Way Camas, WA 98607 and brings this action in his individual capacity.

518.   Plaintiff Timothy Owens purchased Just For Men® in or about July 2014. Plaintiff Timothy Owens applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Timothy Owens suffered a severe reaction to Just For Men® including but not limited to rash, bumps, irritation, sores, blisters, and burning.

519.   Plaintiff, Julian Lewis, is and was at all times alleged herein a citizen of the State of Washington, D.C. and currently resides at 4638 Hayes St. Washington, D.C. 20019 and brings this action in his individual capacity.

520.   Plaintiff Julian Lewis purchased Just For Men® in or about January 2014. Plaintiff Julian Lewis applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Julian Lewis suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

521.   Plaintiff, Richard Krisel, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 3538 Shady Bluff Rd. Largo, FL 33770 and brings this action in his individual capacity.

522.   Plaintiff Richard Krisel purchased Just For Men® in or about September 2014. Plaintiff Richard Krisel applied Just For Men® as directed in or

about September 2014. In or about September 2014, Plaintiff Richard Krisel suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

523.  Plaintiff, Anthony Lloyd, is and was at all times alleged herein a citizen of the State of New York and currently resides at 2075 Boston Rd. Apt 1M Bronx, NY 10460 and brings this action in his individual capacity.

524.  Plaintiff Anthony Lloyd purchased Just For Men® in or about August 2014. Plaintiff Anthony Lloyd applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Anthony Lloyd suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

525.  Plaintiff, Sam Flowers, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 7418 Etheridge Rd. NW Longwood, NC 28452 and brings this action in his individual capacity.

526.  Plaintiff Sam Flowers purchased Just For Men® in or about July 2014. Plaintiff Sam Flowers applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Sam Flowers suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

527.   Plaintiff, Randy Deal, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 1241 E. State Rd. Hastings, MI 49058 and brings this action in his individual capacity.

528.   Plaintiff Randy Deal purchased Just For Men® in or about July 2014. Plaintiff Randy Deal applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Randy Deal suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

529.   Plaintiff, Eugene Banks, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 526 West 1st Ave. Kennewick, WA 99336 and brings this action in his individual capacity.

530.   Plaintiff Eugene Banks purchased Just For Men® in or about July 2014. Plaintiff Eugene Banks applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Eugene Banks suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

531.   Plaintiff, Joseph Decaro, is and was at all times alleged herein a citizen of the State of New York and currently resides at 11 Leason Place Staten Island, NY 10314 and brings this action in his individual capacity.

532.   Plaintiff Joseph Decaro purchased Just For Men® in or about January 2015. Plaintiff Joseph Decaro applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Joseph Decaro suffered

a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

533.   Plaintiff, Leroy Broughton, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at PO Box 1485 Richie Highway 75906 Glen Burnie, MD 21061 and brings this action in his individual capacity.

534.   Plaintiff Leroy Broughton purchased Just For Men® in or about August 2014. Plaintiff Leroy Broughton applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Leroy Broughton suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

535.   Plaintiff, James Cannon-Bey, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 5513 Ruxton Dr. Lanham, MD 20706 and brings this action in his individual capacity.

536.   Plaintiff James Cannon-Bey purchased Just For Men® in or about June 2015. Plaintiff James Cannon-Bey applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff James Cannon-Bey suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of

injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

537.   Plaintiff, Ronald Millkie, is and was at all times alleged herein a citizen of the State of New York and currently resides at 400 W. 43rd St Apt. 22J New York, NY 10036 and brings this action in his individual capacity.

538.   Plaintiff Ronald Millkie purchased Just For Men® in or about August 2014. Plaintiff Ronald Millkie applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Ronald Millkie suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, and irritation. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

539.   Plaintiff, Wilfred Molina, is and was at all times alleged herein a citizen of the State of New York and currently resides at 1288 Washington Ave. Apt. 19 Bronx, NY 10456 and brings this action in his individual capacity.

540.   Plaintiff Wilfred Molina purchased Just For Men® in or about July 2014. Plaintiff Wilfred Molina applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Wilfred Molina suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, irritation, sores, blisters, burning, and permanent skin discoloration.

541.   Plaintiff, Anthony Kallie, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1314 Worstead Dr. Fayettville, NC 28314 and brings this action in his individual capacity.

542.   Plaintiff Anthony Kallie purchased Just For Men® in or about August 2014. Plaintiff Anthony Kallie applied Just For Men® as directed in or about

August 2014. In or about August 2014, Plaintiff Anthony Kallie suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, vitiligo, permanent scarring and permanent skin discoloration.

543. Plaintiff, Javier Ramos, is and was at all times alleged herein a citizen of the State of New York and currently resides at 471 Falcon Ave. Staten Island, NY 10306 and brings this action in his individual capacity.

544. Plaintiff Javier Ramos purchased Just For Men® in or about July 2014. Plaintiff Javier Ramos applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Javier Ramos suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, and permanent scarring.

545. Plaintiff, Reginald Holtz, is and was at all times alleged herein a citizen of the State of New York and currently resides at 273 Delavan Ave Buffalo, NY 14208 and brings this action in his individual capacity.

546. Plaintiff Reginald Holtz purchased Just For Men® in or about July 2014. Plaintiff Reginald Holtz applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Reginald Holtz suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

547.   Plaintiff, Lionel Baker, is and was at all times alleged herein a citizen of the State of New York and currently resides at 10530 Flatlands 2 Street Brooklyn, NY 11236 and brings this action in his individual capacity.

548.   Plaintiff Lionel Baker purchased Just For Men® in or about July 2014. Plaintiff Lionel Baker applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Lionel Baker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, vitiligo, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

549.   Plaintiff, Tyrone Ross, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 16805 Holly Way Accokeek, MD 20607 and brings this action in his individual capacity.

550.   Plaintiff Tyrone Ross purchased Just For Men® in or about August 2014. Plaintiff Tyrone Ross applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Tyrone Ross suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

551.   Plaintiff, Greg Smoak, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 5055 Broxton Bridge Rd. Bamberg, SC 29003 and brings this action in his individual capacity.

552.   Plaintiff Greg Smoak purchased Just For Men® in or about July 2014. Plaintiff Greg Smoak applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Greg Smoak suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, contact dermatitis, permanent scarring and permanent skin discoloration.

553.   Plaintiff, Robert Harris, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 4702 SW Paley Rd. Port Saint Lucie, FL 34953 and brings this action in his individual capacity.

554.   Plaintiff Robert Harris purchased Just For Men® in or about January 2014. Plaintiff Robert Harris applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Robert Harris suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, sores, blisters, burning, infection, contact dermatitis, and permanent scarring. The plaintiff Robert Harris was injured by Just For Men® in the state of Pennsylvania.

555.   Plaintiff, Dale Coleman, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2511 Tuxedo Way High Point, NC 27260 and brings this action in his individual capacity.

556.   Plaintiff Dale Coleman purchased Just For Men® in or about February 2014. Plaintiff Dale Coleman applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Dale Coleman suffered a severe reaction to Just For Men® including but not limited to itching, irritation, and burning.

557.   Plaintiff, Darnell Thompson, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 106 Downing St. Oxford, MS 38655 and brings this action in his individual capacity.

558.   Plaintiff Darnell Thompson purchased Just For Men® in or about July 2014. Plaintiff Darnell Thompson applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Darnell Thompson suffered a severe reaction to Just For Men® including but not limited to itching, rash, stinging, irritation, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

559.   Plaintiff, Kenneth Ellis, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 9040 Hillside Rd. Biloxi, MS 39532 and brings this action in his individual capacity.

560.   Plaintiff Kenneth Ellis purchased Just For Men® in or about July 2014. Plaintiff Kenneth Ellis applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Kenneth Ellis suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, burning, infection, contact dermatitis, permanent scarring, and sensitive skin.

561.   Plaintiff, Chris Ham, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 50 Clifford St. Apt B Roxbury, MA 02119 and brings this action in his individual capacity.

562.   Plaintiff Chris Ham purchased Just For Men® in or about September 2014. Plaintiff Chris Ham applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Chris Ham suffered a

severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

563.   Plaintiff, Stanley Jones, is and was at all times alleged herein a citizen of the State of Minnesota and currently resides at 4008 72nd Ave. N Brooklyn Center, MN 55429 and brings this action in his individual capacity.

564.   Plaintiff Stanley Jones purchased Just For Men® in or about Julu 2015. Plaintiff Stanley Jones applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Stanley Jones suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment

565.   Plaintiff, Michael King, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 4725 Chestnut St. New Orleans, LA 70115 and brings this action in his individual capacity.

566.   Plaintiff Michael King purchased Just For Men® in or about March 2016. Plaintiff Michael King applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Michael King suffered a severe reaction to Just For Men® including but not limited to redness, itching, rash, irritation, flaking skin, and temporary skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

567.   Plaintiff, Delbert Kissinger, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 883 Firlane Rd. Castle Rock, WA 98611 and brings this action in his individual capacity.

568.   Plaintiff Delbert Kissinger purchased Just For Men® in or about July 2014. Plaintiff Delbert Kissinger applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Delbert Kissinger suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, oozing, weeping, sores, blisters, burning, and bleeding.

569.   Plaintiff, Bruce Borowski, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 80 Ponderosa Trail North Belleville, MI 48111 and brings this action in his individual capacity.

570.   Plaintiff Bruce Borowski purchased Just For Men® in or about June 2015. Plaintiff Bruce Borowski applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Bruce Borowski suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rash, stinging, irritation, and burning.

571.   Plaintiff, Brent Williams, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 7441 Davidson Street, Norfolk, Virginia 23513 and brings this action in his individual capacity.

572.   Plaintiff Brent Williams purchased Just For Men® in or about August 2015. Plaintiff Brent Williams applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff Brent Williams suffered a severe reaction to Just For Men® including but not limited to oozing sores, redness,

swelling, itching, rash, stinging, burning, infection, permanent scarring and skin discoloration.

573.    Plaintiff, Larry Dotson, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 1201 N. Alveron Way #47, Tucson, Arizona 85712 and brings this action in his individual capacity.

574.    Plaintiff Larry Dotson purchased Just For Men® in or about September 2015. Plaintiff Larry Dotson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Larry Dotson suffered a severe reaction to Just For Men® including but not limited to swelling, sores, burning, itching, rash, stinging, irritation, and permanent scarring.  As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

575.    As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiffs have suffered severe physical injuries. Plaintiffs have endured substantial pain, suffering and embarrassment. Plaintiffs have incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiffs have individually suffered, and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured. Plaintiffs' injuries and damages are permanent and will continue into the future. Plaintiffs seek damages from Defendants as alleged herein.

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING**

576. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

577. The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

578. As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiffs suffered harm, damages and economic loss and will continue to suffer such harm.

579. Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

580. Upon information and belief, one or more Plaintiffs purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

581. Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

582. As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

583.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

584.   Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

585.   The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

586.   The Just For Men® that Plaintiffs used had not been materially altered or modified prior to their use.

587.   The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

588.   Just For Men®  is also defectively designed because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and

effective alternatives to hair dye that do not contain PPD.

589.   Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, specifically, including African-Americans.

590.   Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

591.   Just For Men® is also defectively designed because the patch test, and the method by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

592.   Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

    a.   Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

    b.   Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

    c.   Just For Men® products fail to advise its users of the benefits of

undergoing a patch test conducted by a medical professional;

d.  Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.  Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.  Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

593.  As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

594.  As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

595.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

596.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

   a. Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

   b. Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiffs and in light of the likely seriousness of that harm.

597.    Defendants, as manufacturers of Just For Men®, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

598.   Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

    a.   Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

    b.   Defendants minimize and downplay those risks associated with Just For Men®  hair dye that they chose to disclose;

    c.   Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

    d.   Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

    e.   Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

    f.   Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

599.   The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause

serious injury as set forth herein.

600.    Plaintiffs read and followed the deficient instructions and directions that were provided with Defendants Just For Men® products. As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

601.    As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**STRICT PRODUCTS LIABILTY DUE TO NON CONFORMANCE WITH**
**REPRESENTATIONS**

602.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

603.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

604.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to

representations made by Defendants concerning the product.

605.   These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

606.   As a direct and proximate result of Plaintiffs' use of the Just For Men® and their reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

607.   As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### NEGLIGENCE

608.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

609.   Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiffs and other consumers.

610.     Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiffs or other consumers.

611.     Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

612.     Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

613.     Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye

614.     Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical

treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiffs and other consumers of this risk.

615.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

616.     In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

617.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

618.   Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

619.   Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

620.   The Just For Men® manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to each individual Plaintiff when used as recommended and directed.

621.   As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

622.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

623.   At the time Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiffs, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

624.   Plaintiffs each individually and reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

625.   Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

626.   As a direct and proximate result of Defendants' breach of warranty,

Plaintiffs have individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT REPRESENTATION AND FRAUD

627. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

628. As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye, and minimized and downplayed those risks they chose to disclose.

629. These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

630. When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

631. Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiffs that its hair dyes were safe and met all applicable design and manufacturing requirements.

632.    Defendants made these false, material representations with the intention of inducing buyers, including Plaintiffs, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

633.    Each individual Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

634.    As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiffs used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

635.    Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

636.    Plaintiffs hereby incorporate by reference all allegations contained in the preceding paragraphs, as though fully set forth herein.

637.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any

such determination, Plaintiffs hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

638. To the extent that Defendants may claim that one or more of Plaintiffs' claims are barred by the applicable statute of limitations, Plaintiffs assert that the statute of limitations is and has been tolled by, inter alia, Plaintiffs' discovery that their injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiffs.

## JURY DEMAND

Plaintiffs demand trial by jury on all of the triable issues with this Complaint.

Respectfully submitted,

___/s/ Kristine K/ Kraft_____
Kristine K. Kraft, Esq. (#6208286)
**SCHLICHTER, BOGARD & DENTON, LLP**
100 South 4th Street, Suite 1200
Saint Louis, MO 63102
314-621-6115
314-621-1365 (fax)
kkraft@uselaws.com

/s/ Richard W. Schulte (*with consent*)_____
Richard W. Schulte (Ohio Bar #0066031)
**WRIGHT & SCHULTE, LLC**
865 S. Dixie Dr.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
rschulte@yourlegalhelp.com

*Attorneys for Plaintiffs*